JEFFREY S. WINSLOW *v.* LEWIS-SHEPARD, INC., ET AL.
(13679)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

---

Argued June 13—decision released August 8, 1989

*Robert B. Yules,* with whom, on the brief, was *Thomas H. Winslow,* for the appellant (plaintiff).

*Christopher M. Vossler,* for the appellees (named defendant et al.).

HULL, J. The sole issue on this appeal is whether our products liability statute, General Statutes § 52-572n (a), provides the exclusive remedy for a claim falling within its scope, thereby denying a claimant the option of bringing common law causes of action for the same claim. The trial court so held, and we find no error.

The procedural history of this appeal is undisputed. The plaintiff, Jeffrey S. Winslow, brought a multiple count complaint against the defendants Lewis-Shepard,

Inc., Lewis-Boyle, Inc., Hyster Corporation and Esco Corporation,[1] seeking a recovery for personal injuries that he sustained while operating an allegedly defective "order picker"[2] at his place of employment. The plaintiff's complaint does not assert a statutory products liability claim pursuant to General Statutes § 52-572m et seq. Rather, the plaintiff pled the following common law causes of action against the defendants: first count, negligent design and manufacture of the order picker; third count, strict tort liability (i.e., that the defendants sold the order picker in a defective and unreasonably dangerous condition); fourth count, breach of express warranty of merchantability; and fifth count, breach of implied warranties of merchantability and fitness.[3] The defendants filed a motion to strike these counts of the plaintiff's complaint, claiming that Connecticut's products liability statute, General Statutes § 52-572n (a),[4] provides the exclusive remedy for the plaintiff's products liability claim, thus rendering legally insufficient the common law theories asserted by the plaintiff. The plaintiff filed an objection to the motion to strike, claiming that § 52-572n (a) does not provide the exclusive remedy for products liability claims and that the language of that statute preserves a claimant's right to plead traditional com-

[1] The plaintiff alleges that the defendant Lewis-Shepard, Inc., was the designer, manufacturer, distributor and seller of the order picker, which the plaintiff claims was manufactured in the early 1960s. The defendants Lewis-Boyle, Inc., and Hyster Corporation are the alleged successors to Lewis-Shepard, Inc. The defendant Esco Corporation is the alleged parent corporation of Hyster Corporation.

[2] An "order picker" can best be described as a miniature forklift.

[3] The plaintiff states that he chose not to assert a statutory products liability claim against the defendants because such a claim would have been barred by subsection (a) of General Statutes § 52-577a, the products liability act statute of limitations. See footnote 5, infra.

[4] General Statues § 52-572n (a) provides: "A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."

mon law theories for injuries caused by an allegedly defective product. By an order dated November 3, 1988, the trial court granted the defendants' motion to strike the first, third, fourth and fifth counts of the plaintiff's complaint. Pursuant to the plaintiff's motion for judgment dated November 17, 1988, judgment on the motion to strike was rendered in favor of the defendants on November 28, 1988. From this judgment the plaintiff has appealed.

Section 52-572n (a) provides: "A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." On appeal, the plaintiff renews his argument that § 52-572n (a) does not provide an exclusive remedy for products liability claims and that he is thereby permitted to plead common law theories of products liability. Specifically, the plaintiff claims that the inclusion in the statute of the "discretionary" language that "[a] product liability claim . . . *may* be asserted," (emphasis added) rather than the mandatory phrase "shall be asserted," clearly indicates that the legislature intended to grant a claimant the option of pursuing a products liability claim under either the statute *or* traditional common law theories. In response, the defendants argue: (1) the question of whether § 52-572n (a) provides an exclusive remedy for claims falling within its scope has already been answered in the affirmative by this court in the case of *Daily* v. *New Britain Machine Co.,* 200 Conn. 562, 512 A.2d 893 (1986); (2) the plain language of § 52-572n (a) provides that it is an exclusive remedy; and (3) that if § 52-572n (a) is construed to be ambiguous on this point, its legislative history clearly demonstrates that it was intended to be an exclusive remedy.

We address first the defendants' claim that the recent case of *Daily* v. *New Britain Machine Co.,* supra, is dispositive of the issue on this appeal. In *Daily,* the plaintiffs brought a statutory products liability action to recover for injuries resulting from the use of a molding machine more than ten years after its vendor had parted with possession and control thereof. The trial court granted the defendant vendor's motion for summary judgment on the ground that the action was barred by General Statutes § 52-577a,[5] the Connecticut products liability statute of limitations, since the defendant had parted with possession and control of

---

[5] "[General Statutes] Sec. 52-577a. LIMITATION OF ACTION BASED ON PRODUCT LIABILITY CLAIM. (a) No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product.

"(b) In any such action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court.

"(c) The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product. In determining whether a product's useful safe life has expired, the trier of fact may consider among other factors: (1) The effect on the product of wear and tear or deterioration from natural causes; (2) the effect of climatic and other local conditions in which the product was used; (3) the policy of the user and similar users as to repairs, renewals and replacements; (4) representations, instructions and warnings made by the product seller about the useful safe life of the product; and (5) any modification or alteration of the product by a user or third party.

"(d) The ten-year limitation provided for in subsection (a) shall be extended pursuant to the terms of any express written warranty that the product can be used for a period longer than ten years, and shall not preclude any action against a product seller who intentionally misrepresents a product

the molding machine more than ten years before the plaintiffs had filed their action. On appeal, the plaintiffs in *Daily* claimed, inter alia, that their complaint alleged common law claims of products liability. Since § 52-577a acts to bar only untimely *statutory* products liability claims (brought pursuant to General Statutes § 52-572m et seq.), the plaintiffs argued that the trial court had erred in relying on § 52-577a to bar the common law products liability causes of action allegedly contained in their complaint.

The success of the plaintiffs' argument in *Daily* depended on their ability to prove two things: first, that their complaint did indeed allege common law theories of products liability; and second, that a statutory products liability cause of action pursuant to § 52-572n (a) was not their exclusive remedy, thereby permitting common law causes of action to be pled. With regard to the plaintiffs' assertion that their complaint alleged common law theories of product liability, we stated: "Our review of the substitute complaint dated November 23, 1982, discloses that the plaintiffs alleged only violations of statutory enactments. . . . By choice, the plaintiffs limited their complaint to statutory claims. To attempt to read into this complaint common law claims is to stretch the imagination." Id., 570–71. Clearly, this determination by the *Daily* court was dispositive of the plaintiffs' claim, making it unnecessary for us to address the next issue of whether,

---

or fraudulently conceals information about it, provided the misrepresentation or fraudulent concealment was the proximate cause of harm of the claimant.

"(e) The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim, whenever brought, involving injury, death or property damage caused by contact with or exposure to asbestos, except that no such action may be brought by the claimant later than thirty years from the date that the claimant last had contact with or exposure to asbestos.

"(f) The definitions contained in section 52-572m shall apply to this section.

"(g) The provisions of this section shall apply to all product liability claims brought on or after October 1, 1979."

*if* the plaintiffs' complaint had alleged common law claims of products liability, those claims would be barred because § 52-572n (a) provided an exclusive remedy. Nevertheless, we chose to comment upon that issue, stating that "the products liability statute [§ 52-572n (a)] provides an exclusive remedy and the plaintiffs cannot bring a common law cause of action for a claim within the scope of the statute." Id., 571. Because, however, this statement by the *Daily* court was not essential to the resolution of the particular issue presented, it is dictum and not fully authoritative. Rather than rely on this dictum, we prefer to engage in an independent statutory analysis of § 52-572n (a)[6] in order to decide the important issue in this case.

Well established principles of statutory construction govern our analysis of § 52-572n (a). Our objective is to construe the language of the section so as to give effect to the apparent intent of the legislature. *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986); *State* v. *Kozlowski,* 199 Conn. 667, 673, 509 A.2d 20 (1986); 2A J. Sutherland, Statutory Construction (4th Ed. Sands 1984) § 45.05. "If the language of a statute is plain and unambiguous, we need not look beyond the statute because we assume that the language expresses the intention of the legislature. *Rhodes* v. *Hartford,* supra; *Johnson* v. *Manson,* 196 Conn. 309, 316, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986); *Mazur* v. *Blum,* 184 Conn. 116, 118–19, 441 A.2d 65 (1981). When we are faced with ambiguity in a statute, however, we turn for interpretive guidance to its legislative history, the

---

[6] We recognize that the dictum in *Daily* v. *New Britain Machine Co.,* 200 Conn. 562, 512 A.2d 893 (1986), that our products liability statute, General Statutes § 52-572n (a), provides an exclusive remedy, has been cited in a subsequent case. See *Arsenault* v. *Pa-Ted Spring Co.,* 203 Conn. 156, 158, 523 A.2d 1283 (1987). The *Arsenault* court's acknowledgment of the dictum in *Daily,* however, did not in our view establish a rule of law.

circumstances surrounding its enactment, and the purpose the statute is to serve. *Rhodes* v. *Hartford,* supra; *State* v. *Kozlowski,* supra; *State* v. *Ellis,* 197 Conn. 436, 445, 497 A.2d 974 (1985)." *State* v. *Blasko,* 202 Conn. 541, 553, 522 A.2d 753 (1987).

Both parties contend that the plain language of § 52-572n (a) supports their respective positions. The plaintiff emphasizes the statutory language that "[a] product liability claim . . . may be asserted" as expressing an intent on the part of the legislature to grant a claimant the choice of pursuing a products liability claim under the statute but not mandating such a course of action, thereby implicitly preserving a claimant's right to bring such an action under traditional common law theories. The defendants, on the other hand, point to the language in the statute stating that "[a] product liability claim . . . shall be in lieu of all other claims" as clearly indicating the legislature's intent to make the statute the exclusive remedy for products liability actions falling within its scope. After careful scrutiny of the language of § 52-572n (a), we conclude that the express language of the statute is reasonably susceptible to either interpretation proffered by the parties. Faced with this ambiguity, we must look beyond the words of the statute to determine the intent of the legislature. *State* v. *Blasko,* supra, 554; *State* v. *Kozlowski,* supra, 674; see 2A J. Sutherland, supra, § 46.07, p. 110. Accordingly, we turn to the legislative history of our products liability act.

The comments of the sponsors of the act are enlightening, to an extraordinary degree, on the question of whether it was intended to be the exclusive remedy for those persons injured by an allegedly defective product. "[T]he bill is based upon a Department of Commerce draft in the area of product liability . . . . At the present time as you know, if you bring an action for a defective product, it's frequently brought based

upon [warranty], based upon negligence and based upon strict liability. . . . [The bill provides for] a single cause of action. It eliminates the complex pleading which we presently have involving, as I said, [warranty] and strict liability and negligence." 22 H.R. Proc., Pt. 20, 1979 Sess., pp. 7021–22, remarks of Representative John A. Berman. Representative Berman commented further that "[w]e are now going with a single product liability cause of action. [Formerly] we had a concept of strict liability. We had negligence and we had [warranty] causes and suits were brought in at least three different [counts] and frequently more. So now we are going with one single product liability cause of action." Id., pp. 7286–87.

Senator Salvatore C. DePiano made the following remarks about the proposed act: "Section 2 sets forth that the Bill is intended as a substitute for prior theories for harm caused by a product. This section is intended to cut down on the number of counts in a complaint for injuries caused by a product. . . . Section 3 sets forth time limits for bringing a products liability claim while previously there were varying time limits depending on the theory of liability. This simplifies those limits by establishing one primary time limit." 22 S. Proc., Pt. 14, 1979 Sess., pp. 4636–37. Even more persuasive are the following comments of Senator DePiano made in response to a question concerning the effect of the new act on case law in the area of products liability: "I wouldn't say we would be abolishing all case law, what we're really abolishing is the various causes of action that have been brought in cases which we normally would call products liability cases. For example, the theory of strict liability, warranty, negligence and contract . . . would all be now merged into one cause of action which has been created by statute." Id., p. 4639. In response to a question regarding the statu-

tory definition of a products liability claim, Senator DePiano reiterated that "it's definitely the intention to create a products liability cause of action and . . . to abolish all the various other types of actions that we've been using to date and that's what we referred to in my statement that we're doing away with the multiple count [complaint] that usually takes place in this kind of a law suit. That is counts dealing with negligence, with breach of contract, with warranty and with strict liability." Id.

This legislative history is unequivocal as it pertains to the issue before us and no further elaboration is necessary. The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope. Accordingly, we conclude that the trial court acted correctly in granting the defendants' motion to strike the common law counts of products liability from the plaintiff's complaint on the basis that our products liability act provides the exclusive remedy for such claims.

There is no error.

In this opinion the other justices concurred.