[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks to amend her complaint by adding a count against all defendants based on our product liability law, General Statutes 52-572m et seq.
The defendants include Harnischfeger Corporation (Harnischfeger), which manufactured and installed an overhead crane including a cabin at the Stamford incinerator which on December 17, 1982 struck and killed plaintiff's decedent, an employee of the city of Stamford. The other defendants are Morganti, Inc., Atlas Corporation and Morganti-Atlas, a joint venture, the general contractors who built an addition to the Stamford incinerator plant, of which the overhead crane was a part.
I think it is clear that Harnischfeger is a "product seller" as defined in General Statutes S 52-572m(a), and that the overhead crane is a product. Therefore, the requested amendment to include a count in product liability is granted as against Harnischfeger. It follows from this, however, that the existing allegations against this CT Page 3826 defendant, strict tort liability, negligence, breach of express warranties and breach of the implied warranty of merchantability should be and hereby are stricken from the complaint. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462,471, 562 A.2d 517 (1989).
With respect to the other defendants, the general contractors, I do not believe that they are product sellers, or that the overhead crane is a product simply because it runs on rails within the incinerator and hence arguably is not a fixture, something integrated into the building itself, such as bricks, mortar or steel. The general contractors did not manufacture the crane, nor were they in the business of selling cranes, although it appears that in a very limited sense it could be claimed that they "sold" the crane to the City of Stamford when the incinerator construction was completed and the building accepted by the city.
Hence the request by the plaintiff to add a product liability count against these three defendants is denied. A product seller is restricted to a manufacturer, wholesaler, distributor, retailer, lessor or bailor, and furthermore these defendants did not have, in the words of Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 72,579 A.2d 26 (1990), ". . . any further involvement in the stream of commerce." This case is also authority that the issue of what is a "product" is to be decided as a matter of law. Id., 72.
Morganti's motion seeking summary judgment on statute of limitation grounds is denied as it is a factual question for the jury to decide whether the plaintiff's claim of a continuing course of conduct is applicable.
There are several other motions by the parties, including requests for payment of fees to an expert witness and for technical amendments to an answer and special defenses, but these are reserved for the trial judge.
So Ordered.
Dated at Stamford, Connecticut this ___ day of November 1990.
William B. Lewis, Judge.