[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 8, 1989, Mary C. Fleming ("Plaintiff") filed a four-count complaint against the Hertz Corporation ("Defendant"). The plaintiff alleges she was injured when the trunk lid of a car she leased from defendant suddenly and without warning slammed down on plaintiff's neck. The first two counts invoke Connecticut General Statutes 52-572M et seq., alleging that the defendant was a product seller within the meaning of the products liability statute. The the third and fourth counts allege in the alternative that the defendant is liable for negligence and recklessness to the extent that the defendant is not a product seller.
On December 18, 1989, the defendant filed a request to revise, arguing that the third and fourth counts should be deleted. Defendant asserted it could not respond properly because a claim under the statute precluded common-law product liability claims.
On December 28, the plaintiff filed an objection to defendant's request to revise. Also on December 28, the plaintiff amended her complaint to include in the first count a claim for loss of enjoyment of life and life's activities. The amendment was presumably on plaintiff's motion, although no motion to amend appears in the court file.
On October 10, 1990, the defendant filed a motion to strike CT Page 463 Counts Three and Four arguing that the Products Liability Act precludes all common law claims. On November 19, 1990, the plaintiff filed a memo in opposition, claiming that her common-law theories are alternative arguments in the event the statute does not apply to a short-term lease.
A motion to strike may be used by any party to contest the legal sufficiency of a pleading. Connecticut Practice Book 152 (rev'd to 1978, as updated to October 1, 1990); See also Mingachos v. CBS, INC.,196 Conn. 91, 108 (1985).
It is found, however, that the language of the statute does not distinguish between long- and short-term leases. Connecticut General Statutes 52-572m(a) defines "product seller as follows:
 "Product seller" means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term "product seller" also includes lessors or bailers or products who are engaged in the business of leasing or bailment of products.
The defendant is in the business of leasing automobiles. Moreover, the court in Rodia v. Tesco, Corp., 11 Conn. App. 391, 395
(1987) states: A lessor is a `product seller' within the meaning of General Statutes 52-572m." Although the plaintiff says there is a potential factual . . . and legal question" whether the statute applies to short-term leases, she offers no conflicting authorities or legal support for this assertion.
The court accepts that the Products Liability Act applies to lessors, and that the plaintiff has pleaded sufficient facts to bring this action within the scope of the act. Winslow v. Lewis-Shepard, Inc.,212 Conn. 462 (1989). The court in Winslow held that "[t]he legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Id. at 471.
The plaintiff cites Dreier v. Upjohn Co., 196 Conn. 242, 245
(1985) for the proposition that "a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Although this may be the case generally, it is the opinion of the court that the Products Liability Act, as construed in Winslow and applied in this situation, precludes common-law theories for claims falling within its scope.
Based on the foregoing points and authorities, the defendant's motion to strike the third and fourth counts of the complaint are granted, leaving the counts seeking relief under the act as the plaintiff's exclusive remedy.
RYAN, J. CT Page 464