[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendant's motion for summary judgment as to the first, second and third counts of plaintiff's amended complaint. The first count alleges negligence, the second count alleges a breach of implied warranty of merchantability, and the third count a breach of express warranty. Defendant alleges that as to these counts, plaintiff's exclusive remedy is under Connecticut's product liability law, i.e., Connecticut General Statutes Section 52-572n et seq. CT Page 4986
Factually, the plaintiff was an employee as an inspector at Millstone, which is owned and operated by Northeast Utilities (the moving party in this motion). While leaving his place of employment, he alleges that the air lock mechanism malfunctioned in that air pressure increased too rapidly and caused him to suffer personal injuries.
The plaintiff does not dispute that the exclusive remedy for a product liability claim is Connecticut General Statutes Section 52-572n. He contends, however, that this is not a product liability case but rather a claim of negligent installation of another manufacturer's product.
 Section 52-572n states as follows: "(a) a product liability claim as provided in Sections 52-249a, 52-240b, 52-572n and 52-572r inclusive and 52-577a may be asserted and shall he in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product . . . ."
Our Supreme Court in Winslow v. Lewis-Shepard, Inc.,212 Conn. 462, 471 (1989), stated that "the legislature clearly intended to make our product liability act an exclusive remedy for claims falling within its scope." However, there is a qualification to that exclusivity in that the statute covers causes of actions against product sellers only.
If the defendant is a "product seller" as defined in Section 52-572n(a), then the defendant must prevail in this matter.
The Court must now look to the four corners of the complaint. The allegations provide, inter alia, that the defendant "installed the personnel air lock in a defective manner." (Count One, Para. 5(g)). There is no allegation that the defendant is a "product seller" nor can it be inferred from and of the allegations that defendant was a "product seller" as defined in the statute.
Defendant's motion is denied.
MIHALAKOS, J.