[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ARTICULATION
Defendant Sandoz Corporation filed a motion to strike the First, Seventh and Tenth Counts of plaintiff's revised twelve count complaint. The facts which gave rise to this complaint stem from plaintiff's participation in the Optifast diet program which he asserts is responsible for a gallstone condition which caused him to submit to a cholecystectomy on April 3, 1989. In his complaint plaintiff pleads that Sandoz is liable on the common law grounds of fraud, (Count one); the statutory grounds defined by Connecticut Unfair Trade Practices Act, C.G.S. 42-110b (Count seven); common law negligence, (Count ten).
The court heard arguments on the motion which both parties briefed. Thereafter the court denied the motion as it applied to Count seven (CUTPA) and granted the motion with regards to Count one (fraud) and Count ten (common law negligence).
Plaintiff has moved for articulation.
Among the counts pleaded by plaintiff is Count four which is based on Connecticut's Product Liability Act C.G.S. 52-572 (N), et seq.
The court denied the motion to strike with regard to Count seven because it concluded that a CUTPA claim is not barred by the exclusivity of remedy language in C.G.S. 52-572 (N).
The court granted the motion to strike against Count one (fraud) and Count ten (negligence) because these common law causes of action are explicitly barred by the exclusivity of remedy language in C.G.S. 52-572N(a) and 52-572N(b), Winslow v. Lewis Shepard, Inc., 212 Conn. 462 (1989).
DONALD T. DORSEY, JUDGE CT Page 6987