[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present product liability action against the defendant Bandit Industries Inc., ("Bandit") seeking to recover damages for personal injuries sustained when the wood chipper machine purchased from Bandit blew a blast of heat and metal fragments at the plaintiff. Bandit in turn instituted a Third Party Action against the Ford Motor Company ("Ford"), Nelson Industries ("Nelson") and others seeking a recovery on active-passive negligence theories and apportionment pursuant to General Statutes 52-5720(d). The Third Party Complaint also contains allegations sufficient to allege that a contractual relationship existed between Bandit and the third party defendants and accordingly, asserts claims, against Ford (in Counts Three, Four and Five) for breach of an implied warranty of fitness, a breach of an express warranty and a breach of a warranty of merchant ability). Ford has moved to strike these counts. The Third Party Complaint also alleges similar counts as against Nelson in Counts Thirteen, Fourteen and Fifteen of the Third Party Complaint and Nelson has likewise moved to strike those counts. A similar claim by the remaining Third Party Defendant was not argued at the Short Calendar and accordingly, the decision does not technically affect claims of that defendant.
In all counts to which a Motion to Strike has been filed, the Bandit claims relief for damages in an amount of all sums adjudicated against Bandit in favor of the plaintiff and a claim for counsel fees, costs and expenses occurred in defense of the CT Page 5994 claims. The Third party defendants claim that the product liability action is the exclusive remedy and accordingly, common law remedies may not be asserted citing Winslow v. Lewis Shepard, Inc., 212 Conn. 462 (1989).
A Motion for Default was filed against Ford prior to the filing of the Motion to Strike, However, for the sake of consistency, the court will hear and determine the Motion to Strike filed by Ford.
It is true that the product liability statute provides the exclusive remedy for matters coming within the scope of the act. A product liability claim is defined, in General Statutes 52-572m(b) as including "all claims or actions brought for personal injury, death or property damage." The claims asserted against Ford and Nelson are, in part, based upon damages found to be due to the plaintiff, but also asserts claims for costs and expenses incurred in defending the action. Thus, the Third Party actions by Bandit do not assert a claim for "personal injury, death or property damage".
Accordingly, the court holds that the claims advanced by Bandit are not within the scope of the Product Liability Act and the Motions to Strike are therefore denied.
RUSH, J.