[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT NATIONAL LUMBER COMPANY'S OBJECTION TO REQUEST FOR LEAVE TO AMEND
The issue presented by the third party defendant's objection to the third party plaintiff's request for leave to amend is whether or not a product liability claim under Connecticut General Statutes 52-572(m) et seq. is the exclusive remedy against product sellers. CT Page 9755
FACTUAL BACKGROUND
The named plaintiffs in this action alleged in their complaint that the third party plaintiff, Luongo Construction Co., was negligent in the construction of a condominium complex known as Town Green office condominiums. Thereafter, the third party plaintiff, Luongo Construction Co. (Luongo), filed a three count complaint dated May 14, 1992 against three third party defendants, including National Lumber Co. (National). Only count three of the third party complaint pertains to National. Luongo alleges count three that National supplied Luongo with defective material, thereby violating the products liability statute, General Statutes52-572(m) et seq. National asserts the special defenses of contributory negligence and statute of limitations.
In Luongo's answers to interrogatories dated April 1, 1993, Luongo states that it discovered the damaged materials within three months of June, 1988.
National filed a motion for summary judgment dated June 4, 1992, in which it argued that General Statutes 52-577(a), the applicable statute of limitations, barred Luongo's claim since it was not filed within three years of the date when the damage was sustained or discovered.
On June 17, 1993, while the motion for summary judgment was pending, Luongo filed a request for leave to amend its third party complaint. The second count of the proposed amended third party complaint alleges that National breached its implied and express warranties by supplying Luongo with defective materials. The proposed amended third party complaint removes the count against National that alleged violations of the products liability statute.
LEGAL DISCUSSION
A product liability claim "may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes 52-572n(a). The products liability statute provides an exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471,562 A.2d 517 (1989).
In Winslow, the Supreme Court affirmed the trial court's granting of a motion to strike on the ground that the products CT Page 9756 liability statute barred the common law theories of liability asserted by the plaintiff. Id. at 465. The plaintiff had alleged in its complaint breaches of express and implied warranties. Id. at 464.
In a similar case, the court affirmed the lower court's refusal to grant the plaintiffs' request to amend their complaint. Daily v. New Britain Machine Co., 200 Conn. 562, 512 A.2d 893
(1986). The plaintiffs' original complaint alleged violations of the products liability act, General Statutes 52-572m through 52-572r, and the proposed amendment alleged fraudulent concealment and intentional misrepresentation. Id. at 572. The Supreme Court ruled that the trial court did not abuse its discretion in denying the request to amend since there had already been a substantial delay in the proceedings. Id. at 574-75. The trial court had previously granted the defendant's motion for summary judgment the ground that there was no genuine issue of material fact as to whether the plaintiff's claim was barred by the time limitation of General Statutes 52-577a. Id. at 566.
In the present case, Luongo's request to amend was filed on June 23, 1993, over one year after the original third party complaint was filed. Thus, the request to amend is untimely. In addition General Statutes 52-572m through 52-572h provide the exclusive remedy for product liability claims against product sellers. Since Luongo's proposed amended complaint has deleted the count against National which alleged violations of the products liability statutes, Luongo's proposed amended complaint does not state a legally sufficient cause of action. Accordingly, National's objection to Luongo's request to amend must be sustained.
CONCLUSION
Based on the foregoing, the third party defendant National Lumber Company's Objection To Request For Leave To Amend is sustained.
So ordered.
Michael Hartmere, Judge CT Page 9757