[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 21, 1997
On May 22, 1996, the Plaintiff, Lawrence Cosmos, commenced this action against the Defendant Crestwood Ford, Inc., seeking damages for personal injuries allegedly sustained as the result of an August 21, 1994 one-car automobile accident. The Third Revised Complaint, dated March 4, 1997, is in two counts. The First Count, sounding in negligence, alleges that the Defendant improperly repaired and inspected the brakes of the vehicle that the Defendant was operating. In the Second Count, the Plaintiff alleges a violation of the Connecticut Product Liability Act ("CPLA"), General Statutes § 52-572m(b), based upon the aforementioned negligent acts.
On March 12, 1997, the Defendant filed a Motion to Strike the Second Count of the Revised Complaint, claiming that count fails to state a cause of action upon which relief may be granted. Specifically, the Defendant claims that the allegations of the Second Count refer not to the sale of a product, but instead to the provision of a service, which is not governed by the CPLA. On March 19, 1997, the Plaintiff filed an Objection to the Defendant's Motion to Strike, and an accompanying memorandum of law. It is this Motion to Strike which is presently before the Court.
"The function of a motion to strike is to test the legal CT Page 3747 sufficiency of a pleading . . . See Practice Book § 152,"Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232 (1996). A motion to strike contests "the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 826
(1996).
The CPLA is the exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471
(1989). Section 52-572m(b) of the CPLA defines a "product liability claim" as follows:
 (b) "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort: negligence: breach of warranty, express or implied: breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent misrepresentation or nondisclosure, whether negligent or innocent.
Pursuant to General Statutes § 52-572n(a), product liability claims may only be asserted against "product sellers." See Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 73
(1990). The term "product seller" is defined by the CPLA as:
 any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term "product seller" also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products.
CT Page 3748
General Statutes § 52-572m(a).
The CPLA does not set forth a specific list of those persons or entities who should be considered product sellers. However, "[t]he legislative history of the Connecticut statute states that `the definition of product seller is taken verbatim from the draft uniform product liability law, U.S. Department of Commerce.'" Hines v. JMJ Construction Co., Superior Court, judicial district of Hartford, Docket No. 506329,8 CONN. L. RPTR. 232 (January 11, 1993) (Miano, J.), quoting 22 S. Proc., Pt. 14, 1979 Sess., p. 4636. "Said Act expressly excludes from its coverage the provider of professional services when a product is utilized or sold as part of the rendition of such services. Department of Commerce Model Uniform Product Liability Act § 102(A) . . ." Ferguson v. EBI Medical Systems, Superior Court, judicial district of New London, Docket No. 527663 (August 1, 1995) (Hurley, J.) (15 CONN. L. RPTR. 94). Thus, to recover under the CPLA, a plaintiff must prove that the defendant was engaged in the business of selling a product, Burkert v. Petroleum Plusof Naugatuck. Inc., supra, 216 Conn. 71-73; Zichichi v. MiddlesexMemorial Hospital, 204 Conn. 399, 403 (1987), rather than the providing of a service, because "[o]nce a particular transaction is labeled a `service,' as opposed to a `sale' of a `product,' it is outside the purview of our product liability statute." Zchichiv. Middlesex Memorial Hospital, supra, 204 Conn. 403-05 (holding that, because the provision of blood is a medical service rather than a "sale" of a product, the CPLA does not apply); see RoyalIns. Co. v. Belle Camperland, Superior Court, judicial district of Hartford. Docket No. 366545 (October 24, 1990) (Mulcahy, J.) (2 CONN. L. RPTR. 707) (allegations concerning repairs to a motor home subsequent to its sale not covered by the CPLA); see alsoAmerican National Fire Ins. Co. v. A. Secondino Sons.832 F. Sup. 40, 42 (D.Conn. 1993) (holding that the CPLA does not cover claims addressed to negligent repairs and service performed after the product is placed in the stream of commerce).
In the present case, the Complaint as drafted fails to allege the necessary factual predicate to assert a claim under the CPLA. Although the Complaint contains a general allegation that the Defendant sold to the owner of the car, Kimberly Cosmos, "parts," the Plaintiff's CPLA claim is based entirely on the alleged negligence surrounding the Defendant's service of the vehicle. As it is clear from the face of the Complaint that these allegations arise from the service, rather than from the sale of a product, CT Page 3749 the CPLA is inapplicable to the present action. The Defendant's Motion to Strike the Second Count of the Plaintiff's Third Revised Complaint is therefore granted.
FINEBERG, J.