[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT RESTOPEDIC, INC.
This defendant moves to strike the fifth and sixth count of the amended complaint dated January 22, 1998. A co-defendant Blocksom Company moved to strike the eighth count of the original complaint dated October 30, 1997. Because the original complaint has been superceded by the amended complaint the motion to strike of the co-defendant is moot and will not be acted upon by the court.
The fifth count of the complaint sets forth a claim for damages for violation of CUTPA, General Statutes § 42-110a et seq. This count incorporates the first eight paragraphs of the fourth count, which paragraphs allege the manufacture, sale and CT Page 3834 distribution of a mattress which was infested with insects and insect larva and eggs. The remainder of the first count alleges a violation of the product liability law, General Statutes §52-572 (m), setting forth the various common law transgressions (negligence, breach of warranty, strict liability) which form the basis for the amalgamated cause of action of "Product Liability". The fourth count of the complaint, though alleging negligence, in that it claims "that the mattress and/or component parts in question were negligently manufactured, sterilized and/or inspected," does not claim actual notice of the condition of the mattress.
The fifth count, which is sought to be stricken, the CUTPA count, claims that the defendant "knew or should have known of the defective condition of the mattress". (emphasis added.) It further claims that the plaintiffs have notified the defendant of the infestation and that the defendant has failed and refused to remedy the situation, thereby increasing the plaintiff's injuries and damages.
The defendant moves to strike, claiming that the provisions of CPLA, General Statutes § 52-572n(a) provides that, as concerns product liability, the statute provides the exclusive remedy for harm caused by the product. There is a division of authority amongst Superior Court decisions as to whether a CUTPA claim can be brought in connection with a product liability claim. The case of Winslow v. Lewis-Shepard, Inc., 212 Conn. 462
(1989), citing the legislative history, interprets the statute as merging the common law causes of action, negligence, warranty, contract, and strict tort liability, into one action. Winslow,
supra, p. 470. This court can see no necessity for, no rational reason for interpreting the statute beyond its intended purposes, as specifically recognized by the Supreme Court. Further, this court cannot discern a reason for applying CUTPA to the myriad of commercial circumstances to which the statute has been applied, and for some imperceptible reason excluding its application in product liability matters. The court agrees with the substantial number of Superior Court decisions which hold that CUTPA can apply in a product liability circumstance.
This court subscribes to the functional analysis view, as articulated by Judge Pickett in Razowski, et al v. TorringtonMattress, et al, Superior Court, judicial district of Litchfield, Docket No. CV 97 0073472 (September 15, 1997). The plaintiff, in the fourth count alleges actual knowledge by the defendant of the CT Page 3835 infestation of the mattress, to wit knew or (should have known). It also alleges a failure to remedy after actual notification. These allegations are beyond allegations necessary to support a product liability claim or to have supported the underlying common law transgressions which were blended into the product liability act. They allege facts which if proven might be concluded, by the trier of fact, to be unethical, unscrupulous, unfair and deceptive. The plaintiff also pleads that CUTPA violations had the effect of "increasing the plaintiffs' injuries and damages." If this be the case, here would lie yet a further distinction between CUTPA and the basic product liability claims though such enhancement does not appear to be a precondition for an award of costs and reasonable attorneys fees as provided by General Statutes § 42-110g(d).
The motion to strike the fifth count of the complaint is denied.
The defendant moves to strike the sixth count of the complaint. This count incorporates the descriptive paragraphs of the fourth count, and the CUTPA allegations of the fifth count, which fifth count alleges both knowledge and failure to remedy. The cause of action asserted herein, conduct involving an unreasonable risk of causing emotional distress, differs from both the product liability claim and the CUTPA claim in that it alleges, and requires a realization of an unreasonable risk of emotional consequences. See Montinieri v. Southern New EnglandTelephone Co., 175 Conn. 337, 341 (1978), Kilduff v. Adams, Inc.,219 Conn. 314, 325 (1991).
This cause of action is neither the functional equivalent of the product liability claim nor is it the functional equivalent of the CUTPA claim, nor is it merely an element of damage which as a matter of course customarily flows from these causes of action. It is properly pleaded as a separate count.
The motion to strike the sixth count of the complaint is denied.
L. Paul Sullivan, J.