[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff instituted this action by a four-count complaint which alleges the following facts. On or before June 6, 1996, Finn Builders, Inc. purchased a 1995 Dodge pick-up truck from Danbury Autopark (hereafter "Autopark"). On or before that date, Autopark sent the vehicle to be "altered/modified/customized" by Centurion Vehicles, Inc. After Centurion returned the truck to Autopark, the latter delivered the vehicle to Finn Builders without functioning seat belts. The plaintiff, an officer of Finn Builders, complained to Autopark about the absence of functioning seat belts. Nevertheless, Autopark failed to install functioning seat belts even though the vehicle had been returned for servicing on several occasions. On or about June 7, 1996, the plaintiff was involved in an automobile accident while driving the pick-up truck. The resulting injuries were allegedly caused by the absence of functioning seat belts in the vehicle.
The first and second counts sound in negligence and are directed against Autopark and Centurion respectively. The complaint also alleges that Autopark (count three) and Centurion (count four) violated the Connecticut Products Liability Act. Centurion has filed a motion to strike the second count on the ground that the Product Liability Act is the plaintiff's exclusive remedy. Autopark has followed with a motion to strike the first count.
In Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 463 (1989), our Supreme Court addressed the issue of whether our products liability act, § 52-572n(a) of the General Statutes, provides the exclusive remedy for a claim falling within its scope, thereby denying a claimant the option of bringing common law causes of action for the same claim. After it determined that the language of the statute was ambiguous, the court examined the legislative history of the act. The court's opinion contained the following remarks made by Senator Salvatore C. DePiano: "Section 2 sets forth that the Bill is intended as a substitute for prior theories for harm caused by a product. This section is intended to cut down on the number of counts in a complaint for injuries caused by a product. . . . Section 3 sets forth time limits for bringing a products liability claim while previously there were varying time limits depending on the theory of liability. This CT Page 15571 simplifies those limits by establishing one primary time limit. . . . I wouldn't say that we would be abolishing all case law, what we're really abolishing is the various causes of action that have been brought in cases which we normally would call products liability cases. For example, the theory of strict liability, warranty, negligence and contract . . . would all be now merged into one cause of action which has been created by statute. . . . [I]t's definitely the intention to create a products liability cause of action and . . . to abolish all the various other types of actions that we've been using to date and that's what we referred to in my statement that we're doing away with the multiple count [complaint] that usually takes place in this kind of a law suit. That is counts dealing with negligence, with breach of contract, with warranty and with strict liability." (Citations omitted; internal quotation marks omitted.) Winslow v. Lewis-Shepard, Inc., supra, 470-71.
The court concluded that "[t]he legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope. Accordingly, we conclude that the trial court acted correctly in granting the defendants' motion to strike the common law counts of products liability from the plaintiff's complaint on the basis that our products liability act provides the exclusive remedy for such claims." Winslow v.Lewis-Shepard, Inc., supra, 471.[1]
In view of the Supreme Court's holding in Winslow, this court concludes that the defendants' motions must be and are, accordingly, granted.
Moraghan, J.