[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT ENGLANDER MLLLWORK CORPORATION'S MOTION TO STRIKE (#109)
The Plaintiffs, Pamela Page and Igor Jozsa, are homeowners and have brought this action against Englander Millwork CT Page 6299 Corporation (Englander), the retailer, and Long Island Wholesalers, Nassau-Suffolk, Inc. (Wholesalers), the manufacturer of certain custom French doors which were purchased by the Plaintiffs in June of 1997 for installation in a new home that the Plaintiffs were then building in Bethel, Connecticut.
In their seven count Complaint, the Plaintiffs allege interalia that the said custom doors did not conform to the plans and specifications of the Plaintiffs and that as a result thereof, when it rains, water leaks into the house in the area of the door sills resulting in damage to the house.
Six of the Counts contained in the Plaintiffs' Complaint are directed against the moving defendant, Long Island Wholesalers, Nassau-Suffolk, Inc. Count Two of the Complaint alleges fraudulent misrepresentation. Count Three alleges negligent misrepresentation. Count Four alleges negligence. Count Five alleges breach of an implied warranty of merchantability under the Uniform Commercial Code. Count Six alleges breach of an express warranty of merchantability under the Uniform Commercial Code. Finally, Count Seven alleges violation of the Connecticut Unfair Trade Practices Act (CUPTA).
Wholesalers has filed the instant Motion to strike all six counts of the Complaint as are directed against it.
Wholesalers argues first, that Connecticut General Statutes § 52-572n (c), provides that as between "commercial parties" alleging "commercial loss", the Uniform Commercial Code is the exclusive remedy for product claims. Wholesalers claims that Counts Two, Three, Four and Seven of the Plaintiffs' Complaint are legally insufficient, and should therefore be stricken, because they do not assert U.C.C. causes of action.
Wholesalers also contends that the breach of warranty claims as are set forth in Counts Five and Six must fail because there was no privity of contract as between the Plaintiffs and the moving Defendant, Wholesalers, and as a result thereof; said claims are also legally insufficient.
In response thereto, the Plaintiffs argue that a careful reading of Connecticut General Statutes § 52-572n (c), discloses that it is inapplicable to the Plaintiffs because the Plaintiffs are not "commercial parties" within the meaning of the statute and their damages are not "commercial losses." CT Page 6300
Under current case law, the Plaintiffs further argue, that privity of contract is no longer an essential element in asserting a breach of warranty claim. Therefore, they argue that their common law warranty claims and their statutory CUPTA claims are legally sufficient.
Wholesalers further argues that if the Court determines that the Plaintiffs' claims do not fall within the purview of the Uniform Commercial Code then they must fall within the purview of the Connecticut Product Liability Act. If the Court finds that the Plaintiffs claims do so fall within the purview of the Connecticut Product Liability Act, Wholesalers further argues that Counts Two through Seven of the Complaint should be stricken because said Counts are legally insufficiant in that they do not properly allege any cause of action under the said Product Liability Act.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). "For the purpose of a motion to strike, the moving party admits all facts well-pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , supra, 580.
Connecticut General Statutes § 52-572n governs product liability claims. Section (a) states that "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." (Citations omitted.) General Statutes § 52-572m defines a product seller as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption." Thus, applying the statutory definition, Wholesalers is a product seller within the meaning of the statute and is subject to the provisions of Connecticut General Statutes § 52-572n (a).
After an in depth analysis of the statute and its legislative CT Page 6301 history, the Connecticut Supreme Court concluded that "the legislature clearly intended to make [Connecticut's] products liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471,562 A.2d 517 (1989). As a result, in that matter the Supreme Court affirmed the striking of the Plaintiff's common law counts of negligence, strict tort liability and breach of express and implied warranties of merchantability. Winslow v. Lewis-Shepard,Inc., supra, 471. (See also Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65, 73, 579 A.2d 26 (1990).
Moreover, the Winslow Court noted that the legislature's purpose behind the act was to cut down on the number of Counts in a Complaint for injuries or damages caused by a product. Winslowv. Lewis-Shepard, Inc., supra, 212 Conn. 470. The legislature stated that "[f]or example, the theory of strict liability, warranty, negligence and contract . . . would all be now merged into one cause of action which has been created by statute." (Citations omitted; internal quotation marks omitted.) Id.
More recently, the Connecticut Supreme Court has held that claims of misrepresentation, both negligent and fraudulent, and unfair trade practices under CUTPA are inconsistent with breach of contract and breach of warranty allegations under the Uniform Commercial Code. See Flagg Energy Development Corp. v. GeneralMotors Corp. , 244 Conn. 126, 153-55, 709 A.2d 1075 (1998). In upholding the striking of the claims alleging misrepresentation and violation of CUPTA, the Connecticut Supreme Court concluded that "commercial losses arising out of the defective performance of contracts for the sale of goods cannot be combined with negligent misrepresentation." Flagg Energy Development Corp. v.General Motors Corp. , supra, 153.
The Plaintiffs here have argued that because they are not "commercial parties" and have not suffered "commercial loss" within the meaning Connecticut General Statutes § 52-572n(c), they are not subject to the requirement set forth in Connecticut General Statutes § 52-572n(c)that their claims may be brought only under, and shall be governed by Title 42a, the Uniform Commercial Code. This Court agrees with the Plaintiffs' analysis of Connecticut General Statutes § 52-572n(c). Accordingly, though, Counts Five and Six of the Plaintiffs' Complaint, which Counts are clearly founded upon U.C.C. warranty claims, must be stricken. CT Page 6302
The Defendant, Long Island Wholesalers, has argued that a fair reading of Connecticut General Statutes § 52-572n
discloses that there can only be two types of causes of action against a product seller such as the Defendant, Long Island Wholesalers — a product liability claim or a U.C.C. claim. This Court agrees with the Defendant, Long Island Wholesalers', analysis of Connecticut General Statutes § 52-572n and concludes that the only cause of action available to the Plaintiffs under the circumstances and facts as alleged by the Plaintiffs is a products liability action under Connecticut General Statutes § 52-572n.
Counts Two, Three, Four and Seven do not state a cause of action under the Connecticut Product Liability Act, Connecticut General Statutes § 52-572n, and are therefore ordered stricken.
The Motion to Strike is accordingly granted.
BY THE COURT
CARROLL, J.