[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Pursuant to Connecticut Practice Book § 10-39, et. seq., the defendant Fairway Golf and Fairway Fivesome brought a motion to strike count two of the plaintiff's complaint.
 FACTS
The plaintiff, Steven Peterson, brought an action against multiple defendants by way of a complaint dated July 20, 1999. Counts two and three of that complaint pertain to the above-named defendant Count two is based upon common law negligence framed as a premises liability complaint. Count three is based upon the Connecticut Products Liability Statute § 52-572m and alleges that the defendant, as the lessor of golf carts, is a "products seller", and therefore responsible for placing a defective golf cart in circulation.
With regard to the facts, the Court notes "[a] motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleading." Mingachos vs. CBS, Inc., 196 Conn. 91, 108 (1985);
Connecticut General Statute § 52-572n provides in pertinent part that:
 "[a] product liability claim as provided in §§ 52-540a, 52-540b, 52-572m to 52-572q, inclusive, and 52-577a maybe asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by the product."
Our Supreme Court has dealt with the exclusivity provision of the products liability statute in Winslow vs. Lewis-Shepard, Inc., 212 Conn. 462 (1989). In Winslow the plaintiff brought a negligence action for personal injuries that he sustained while operating an allegedly defective "order picker".[1] The plaintiff's complaint did not assert a statutory products liability claim pursuant to the general statutes, rather the plaintiff pled common law causes of action against the defendant.
Unlike the matter before the Court, the plaintiff in Winslow
had not alleged products liability. Section 52-572n provides that a products liability claim "may be asserted and shall be in lieu of all other claims". In view of the permissive word may" much of the argument in Winslow concerned the plaintiff's right to assert CT Page 292 a negligence claim instead of a products liability claim. The Court did not allow the plaintiff even that option. The Supreme Court in Winslow concluded:
 "This legislative history is unequivocal as it pertains to the issue before us. And no further elaboration is necessary. The legislature clearly intended to make our product liability act an exclusive remedy for claims falling within its scope. Accordingly, we conclude that the trial court acted correctly in granting the defendant's motion to strike the common law counts of products liability from the plaintiff's complaint on the basis that our products liability act provides the exclusive remedy for such claims."
In its brief, the plaintiff in the instant case appears to argue that its negligence count should not be stricken because it is not sure that it can prove its product liability count. If it cannot prove its product liability count, then the plaintiff would presumably argue that it has no products liability cause of action.
The answer to this argument is that both the negligence cause of action stated in the second count and the products liability cause of action stated in the third count are presumed to be true for the purposes of a motion to strike. Consequently, notwithstanding any future problems of proof, this Court is faced with a negligence claim and a products liability claim surrounding the same golf cart. This the plaintiff cannot do.
Count two is stricken in its entirety because the products liability statute is the exclusive remedy for this plaintiff.
THE COURT
Kevin E. Booth, J.