[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff William Soto, has brought this action against the defendant, Hayden Machine Company, Inc. (hereinafter Hayden) pursuant to Conn. Gen. Stat. § 52-572(m) et seq. (Connecticut Products Liability Act). The plaintiff alleges that Hayden sold a press machine to the plaintiff's employer and that such machine was in a dangerous and defective condition as a result of which he suffered personal injuries.
Hayden has filed a third party complaint, two counts of which are directed to the third party defendant, Minster Machine Company (hereinafter Mister) in which it is alleged that Minster was the manufacturer of the press machine. Count two of the third party complaint is brought pursuant to Conn. Gen. Stat. § 52-577a(b) and count three alleges a common law claim for indemnification based upon active/passive negligence.
Minster has filed a motion to strike count three of the third party complaint on the grounds that such count is legally insufficient as the product liability act is the exclusive remedy against a product seller and thus precludes the bringing of an action for common law indemnity.
Our Supreme Court has had the occasion to consider common law indemnification in the context of the products liability act. In Kyrtatasv. Stop Shop, Inc., 205 Conn. 694 (1988) the court held that in a case where multiple defendants are sued by a plaintiff pursuant to the product liability act, common law indemnification principles have been abrogated. In Malerba v. Cessna Aircraft Co., 210 Conn. 462 (1989) the court held that common law indemnification through a third party complaint has not been abrogated by the products liability act where the third party defendant is not a product seller. CT Page 14613
It has not been specifically decided at the appellate level whether a defendant in a product liability action can seek common law indemnification under the active/passive negligence theory against a third party defendant who is also a product seller. Recognizing that there are trial court decisions to the contrary, this court is of the opinion that under such circumstances, that is, where a product seller seeks to claim common law indemnification from another product seller, as in the case at hand, such claim is precluded by the product liability act.
The product liability act is the exclusive remedy for claims falling within its scope against product sellers. Winslow v. Lewis Shepard,Inc., 212 Conn. 462 (1989); Dailey v. New Britain Machine Company,200 Conn. 562 (1986). The parties agree that in the case at hand, the third party defendant, Mister, is a product seller within the meaning of the product liability act. Conn. Gen. Stat. § 52-572m(a) provides; "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers. . . ."
In Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65 (1990), the Supreme Court held that § 52-572m(a) does not preclude a common law action for indemnification by a defendant in a product liability case against a third party defendant which is not a product seller. The language of the decision in Burkert would seem to suggest that the court's holding would not apply to a claim for indemnification against a third party that was a product seller as in the case at hand.
For the above reasons the motion of the third party defendant Mister to strike count three of the defendant Hayden's third party complaint is granted.
Bruce W. Thompson, Judge