[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113)
The plaintiffs, Christopher Shuckra and Juan Santiago, are currently inmates in the custody of the Connecticut Commissioner of Corrections.[1]
Their Amended Complaint dated December 11, 2000 is in two counts. Count one is directed at defendant BIC Corporation, Bruno Bich and Raymond Winter and is the subject of the present motion to strike. Count two is directed at defendant John Armstrong, Commissioner of Corrections. Count two has been dismissed on grounds of sovereign immunity by previous order of the Court (Thompson, J.). The defendants seek to strike count one of the Amended Complaint asserting that it does not adequately plead a cause of action under the Connecticut Products Liability Act, General Statutes § 52-572m et seq. and to the extent it seeks to plead a different cause of action, the count is not adequate to determine the legal theory upon which the claim is based. CT Page 2376
For the reasons set forth below, the motion to strike count one is granted.
 DISCUSSION
The allegations of the Amended Complaint may be summarized as follows:
The plaintiffs because of their imprisonment are forced to purchase BIC pens through the prison commissary. The pens are defective in workmanship and quality and only BIC pens are available for purchase. The defendants have conspired to sell defective pens to the plaintiffs and other inmates. The plaintiffs are also forced to purchase shaving razors through the prison commissary and the only razors available for purchase are BIC single blade razors. The razors are defective in workmanship and quality and cause "extensive razor burn, skin irritation, rashes, cuts and skin infection." The defendants have conspired to sell defective razors for financial gain.
The exclusive remedy for harm caused by a defective product is the Connecticut Products Liability Act. Section 52-572n(a); Winslow v.Lewis-Shepherd, Inc., 212 Conn. 462, 471 (1989). The Act allows for claims or actions brought for "personal injury death or property damages." Section 52-572m(b). While the plaintiffs have alleged that the pens and razors they purchase are defective, nowhere in the Amended Complaint is there an adequate allegation of harm. As to the pens, there is no allegation whatsoever of personal injury or property damage. As to the razors, the general allegation of "razor burn, etc." is not alleged to have been suffered by any specific person at any specific time. In sum, Count one of the Amended Complaint lacks the necessary allegations to plead a "product liability claim" under the Act. See § 52-527m(b) (product liability claim defined as a claim or action "brought for personal injury, death or property damage caused by . . . a product.").
To the extent Count One seeks to plead a cause of action other than product liability, it is inadequate to allow an evaluation of the legal theory being pursued.[2] See SMS Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lanhan and King, P.C., 32 Conn. App. 786, 797, cert. denied 228 Conn. 903 (1993). Our rules of practice permit the plaintiffs to plead over. Practice Book § 10-44. If they choose to do so, hopefully it will be with more clarity than the present complaint.
 CONCLUSION
For the reasons set forth above, the motion to strike Count One of the Amended Complaint is granted. CT Page 2377
So Ordered at New Haven, Connecticut this 9th day of February, 2001.
Devlin, J.