[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#133)
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Michaud v. Wawruck, 209 Conn. 407, 408,551 A.2d 738 (1988)." Bouchard v. People's Bank, 219 Conn. 465, 467,594 A.2d 1 (1991). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1986) (emphasis in original). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142 (citations omitted).
"[T]he Product Liability Act is `an exclusive remedy for claims falling within its scope.' Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471, 562 A.2d 517 (1989)." Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 73, 579 A.2d 26
(1990).
 The Product Liability Act defines a product seller as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale, or for use or consumption. The term `product' seller also includes lessors or bailors of products who are CT Page 6663 engaged in the business of leasing or bailment of products." General Statutes 52-572m(a).
Id., 72. Accordingly, Kapetan's cause of action against Acorn falls within the scope of the Product Liability Act. Kapetan's second court, sounding in common law indemnity, is precluded by the Product Liability Act.
The Product Liability Act further provides, however, that "[a]n action for commercial losses caused by a product may be brought only under, and shall be governed by, Title 42a, the Uniform Commercial Code [the "UCC"]." The UCC provides that parties may contractually agree to the remedies to which they are entitled. General Statutes 42a-2-719(1)(a). Accordingly, Kapetan's first count, which alleges that the contract between Kapetan and Acorn provides for the remedy of indemnity, is permitted under the UCC.
Acorn's motion to strike as to the first count of Kapetan's third-party complaint is denied. Acorn's motion to strike as to the second count of Kapetan's third-party complaint is granted.
SYLVESTER, J.