[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 9, 1992, the plaintiff filed a one count revised complaint against the defendants, Leisure-Lift, Inc. and Alternative Mobilities, Inc., alleging violations of General amended paragraphs 9 through 12 and on July 21, 1992, he amended paragraphs 20 and 21 of the revised complaint. In the revised complaint and amended paragraphs, the plaintiff alleges the following facts.
The defendant Leisure-Lift, Inc., a Kansas corporation, manufactured and sold wheelchairs, including a model known as the Leisure Lift Pacesaver II Plus. The defendant Alternative Mobilities, Inc., a Connecticut corporation, distributed and sold wheelchairs including the Leisure Life Pacesaver II Plus. The plaintiff purchased a Leisure Life Pacesaver II Plus wheelchair ("the wheelchair" or "electric scooter"), manufactured by CT Page 2543 Leisure-Lift, Inc., from Alternative Mobilities, Inc. The claim is that the wheelchair was defective in that the circuit board was not protected from dust and water and that this defect caused the wheelchair to malfunction. On May 10, 1990, the plaintiff was unable to stop the wheelchair when the wheelchair suddenly went forward at full speed and tipped over causing the plaintiff to fall and suffer various injuries.
On July 24, 1992, Leisure-Lift, Inc. filed an answer and seven special defenses to the plaintiff's revised complaint dated June 9, 1992 and the amended paragraphs 20 and 21 dated July 21, 1992.[1] In its first four special defenses, Leisure-Lift, Inc. alleges misuse, alteration or modification, assumption of risk and contributory negligence. In the fifth special defense, Leisure-Lift, Inc. alleges that the plaintiff's claim regarding breach of any warranty is barred because he failed to give notice as required by statute. The sixth special defense is a "state of the art" defense in which Leisure-Lift, Inc. alleges that "it distributed and sold the electric scooter with the highest standards and in accordance with the state of the scientific and technical knowledge at the time of manufacture." In the seventh special defense, Leisure-Lift reserves the right to file additional special defenses as it becomes aware of them during the discovery process.
On September 9, 1992, the plaintiff filed a motion to strike Leisure-Lift's sixth and seventh special defenses on the ground that they are legally insufficient, and an accompanying memorandum of law. Leisure-Lift, Inc. filed a memorandum in opposition on December 24, 1992.
The motion to strike contests the legal sufficiency of a pleading. Practice Book 152. The motion to strike admits all well pleaded facts. If the facts provable under the allegations of the pleading would support a defense or cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
In the amendments to his revised complaint, the plaintiff alleges that the defendants violated General Statutes 52-5721 et seq. in that they: (1) designed the wheelchair to be unreasonably dangerous; (2) failed to design an airtight control box; (3) produced a wheelchair that could not be used without subjecting the user to an unreasonable risk of harm; (4) failed to incorporate adequate safety devices into the wheelchair; and CT Page 2544
(5) failed to provide adequate warnings.
 "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include but is not limited to all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
General Statutes 52-572m(b). Each of the plaintiff's claims is a product liability claim as defined by the statute. "The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 472, 562 A.2d 517
(1989).
A special defense alleges facts which are consistent with the plaintiff's allegations of fact but "show notwithstanding, that he has no cause of action. . . ." Practice Book 164. For Leisure-Lift's sixth and seventh special defenses to be valid, each special defense must allege facts which would show that the plaintiff has no cause of action under the product liability act.
I. Sixth Special Defense
Leisure-Lift's sixth special defense is a "state of the art" defense. Leisure-Lift alleges that "it distributed and sold the electric scooter with the highest standards and in accordance with the state of the scientific and technical knowledge at the time of manufacture." In its memorandum in opposition to the plaintiff's motion to strike, Leisure-Lift bases its argument that Connecticut recognizes a state of the art defense on two cases that were decided before the product liability act was adopted. See Tomar v. American Home Products Corporation,170 Conn. 681, 687, 368 A.2d 35 (1976); Schenck v. Pelkey, 176 Conn. 245, CT Page 2545 249-50, 368 A.2d 35 (1978).
Connecticut's product liability act is a modified version of the Model Uniform Product Liability Act. R. Yules, "Defenses in a Product Liability Act", 57 Conn. B.J. 441, 441 (1983). Although the Model Act recognizes a defense for unavoidably unsafe products, i.e., those which cannot be made safely using state of the art technology, the Connecticut act does not define or acknowledge the state of the art defense. Yules, supra, p. 460.
The product liability act relieves a product seller of liability if its product has been modified or altered by a third party. General Statutes 52-572p. The act also requires that a claimant prove "by a fair preponderance of the evidence that the product was defective in that adequate warnings or instructions were not provided" before a product seller may be found liable for inadequate warnings. General Statutes 52-572q.
Research has revealed no case decided under the product liability act in which the court has allowed a state of the art defense. This defense is inappropriate in cases based on strict liability. Halls v. Burns, 213 Conn. 446, 461, 596 A.2d 10
(1990). "`The doctrine of strict liability in tort is concerned with the character of the product injected into the stream of commerce, not with the specific conduct of the defendant.'" Id., quoting Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134,147 491 A.2d 389 (1985).
The plaintiff brings this action under General Statutes 52-5721 et seq. Section 52-5721 is entitled "Strict liability, contributory or comparative negligence not bar to recovery." The plaintiff's choice of statute indicates that the plaintiff is basing his claim on a theory of strict liability. Further, the main focus of this case is the defective control panel, not the absence of adequate warnings. Contrast Tomer v. American Home Products Corporation, supra (central issue in case was failure to warn). Since this case is based on strict liability for a defective product, the state of the art defense is inapplicable and the plaintiff's motion to strike Leisure-Lift's sixth special defense is granted.
II. Seventh Special Defense
In its seventh special defense, Leisure-Lift reserves its CT Page 2546 right to file further special defenses as it becomes aware of them. A special defense consists of facts which are consistent with the plaintiff's allegations but which show that he has no cause of action. Practice Book 164. In its seventh special defense Leisure-Lift is not demonstrating that the plaintiff does not have a cause of action. Instead, Leisure-Lift is asserting a right that any defendant has according to Practice Book 174 et seq. Therefore, the plaintiff's motion to strike the seventh special defense is granted.
Richard J. Stanley, Judge