[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action seeking to recover damages sustained when a bus owned by the corporate co-defendant and operated by the individual co-defendant left the travel portion of the road and struck the wall of the building where the plaintiff conducted business operations of manufacturing machine parts. The Third and Fourth Counts of the Complaint assert claims against Midland Brake, Inc. ("Midland") which manufactures and/or distributes rubber diaphragms for brakes in motor vehicles. The Third Count of the complaint alleges that the diaphragms manufactured by Midland failed to function properly purports to set forth a cause of action pursuant to Title 42A of the Uniform Commercial Code (UCC), particularly General Statutes 42a-2-715
(Buyer's incidental and consequential damages). The Fourth Count of the complaint alleges that Midland owed a common law duty to the plaintiff to use due care to insure that the diaphragms were properly designed and produced and further alleges that the diaphragms were defective and unreasonably dangerous. The Fourth Count alleges that, as a result of Midland's breach of duty, the bus entered the plaintiff's place of business "destroying property and interrupting business functioning for more than six months and specifically claims damages to property, loss of profits and damages to the business.
The defendant Midland has moved to strike the Third and Fourth Counts of the complaint on the grounds that: (1) the defendant Midland is a product seller within the meaning of Product Liability Act which provides the exclusive remedy to the plaintiff and which does not permit recovery of the commercial losses claimed; and (2) the plaintiff may not assert a claim under the UCC because the provisions of the code do not apply to the plaintiff and the plaintiff has no contractual relationship with the defendant Midland.
Our Product Liability Act in General Statutes 52-572m(b) provides that a "`(P)roduct liability claim' includes all claims or actions brought for personal injury, death or property damage. . . ." In 1982, our Supreme Court noted that distinctions have been made between the right to recover for physical injury for property and the right to recover for other economic loss and concluded that the phrase "damage to property" was intended to encompass economic harm. Verdon v. Transamerica Ins. Co., 187 Conn. 363, 372 (1982). The Court then stated that the effect of the adoption of the Product Liability Act was "to remove the requirement of privity of contract for an action by the person who has sustained an economic loss against the manufacturer or seller responsible for that loss." CT Page 10830 The court then stated that the result of enforcing a privity of contract barrier was to "immunize from liability those that have received benefits from an economic transaction for which, as a matter of policy, they might reasonably be held accountable" and stated that the legislature, by the statute, "has now relaxed that barrier without distinction between injury to property and economic loss." Verdon, supra, 372-373.
Following the Verdon decision, the legislature amended the Product Liability Act so as to specify, in 52-572m(d) that: "[A]s between commercial parties, "`harm'" does not include commercial loss" The legislature also added the provision contained in 572n(c) which provides: "[A]s between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product maybe brought only under, and shall be governed by, title 42a, the Uniform Commercial Code." (Emphasis supplied.) There has, therefore, been a legislative policy determination that a distinction exists between a claim for commercial loss sustained by a commercial party and claims for personal injury, death, or property damage.
The Product Liability Act is the exclusive remedy for those claims encompassed by its provisions. Winslow v. Lewis Shepard Inc., 212 Conn. 462 (1989). The parties are in agreement that the claims, contained in the fourth count, for damage to the building and machinery constitute a product liability claim and are covered by the Product Liability Act. The parties are also in agreement that the plaintiff and the defendant are commercial parties. The claims, made in the fourth count, for "loss of profits", interrupting business functioning for more than six months, and damages to "the business" constitute claims for a "commercial loss caused by a product". Such claims may be brought only under, and shall be governed by," the UCC and are not recoverable in a product liability action by virtue of the specific provisions of General Statutes 52-572n(c). Accordingly, the motion to strike those claims is hereby granted.
With respect to the claims made in the Third Count under the UCC, the defendant asserts that the UCC, by its terms, does not apply to the plaintiff inasmuch as there is no contractual relationship between the plaintiff and the defendant and, therefore, the necessary requirement of privity does not exist. The plaintiff asserts that, if no remedy exists under the Product Liability Act and if no remedy exists under the Uniform Commercial CT Page 10831 Code, then the plaintiff will have no remedy at all. Under such circumstances the plaintiff asserts that he may proceed under the UCC, despite the lack of privity, because of the absence of any other available remedy. See Utica Mutual Ins. Co. v. Denwat Corp.,778 F. Sup. 592 (D. Conn. 1991).
As a matter of public policy, the courts have dispensed with the requirement of privity with respect to tort actions, at least involving claims for personal injury, death and property damage, so that the requirement of privity is only applicable to actions growing out of a contract theory of recovery. Coburn v. Lenox Homes, Inc, 173 Conn. 567, 574-575 (1977); Zapata v. Burns,207 Conn. 496, 516-517 (1988).
Under the product Liability Act, claims may be made notwithstanding the fact that the claimant did not buy the product from or enter into any contractual relation with the product seller. General Statutes 52-572n(b). In 1984, there was a legislative determination that commercial losses as between commercial parties "may be brought only under, and shall be governed by," the UCC. The UCC is generally concerned with relationships between buyers and sellers and does provide for an extension of warranties to others by virtue of General Statutes42a-2-318 which provides:
 "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be effected by the goods and who is injured in person by breach of warranty. This section is neutral with respect. to case law or statutory law extending warranties for personal injuries to other persons. A seller may not exclude or limit the operation of this section."
The plaintiff is clearly not within the provisions of the above quoted stated and he cannot be considered a third party beneficiary of any express or implied warranty made by the defendant.
The legislative history of the 1984 amendments make it clear that commercial losses between commercial parties are not covered by the product Liability Act. However, the legislative history does not appear to provide any insight as to whether the legislature is attempting to deal with the situation presented, that is whether CT Page 10832 non-contracting commercial parties may avail themselves of the provisions of the UCC to recover their commercial losses. The legislative history does reveal, however, that a comment, albeit by a non-legislator, indicates that there is a universal practice of commercial enterprises to contain comprehensive insurance which typically includes business interruption losses. Accordingly, the Court can find no indication that the legislature intended to dispense with the requirement of privity when the Legislative referred commercial losses between the commercial parties to the UCC for resolution, which, by its terms, does not apply to the plaintiff.
On one hand, the plaintiff claims that it has sustained commercial losses through no fault of its own as a result of a manufacture of a defective product by the defendant. The plaintiff therefore claims that it should have a remedy for those claims. Conversely, "(p)ermitting recovery for all foreseeable claims for purely economic loss could make a manufacturer liable for vast sums. It would be difficult for a manufacturer to take into account the expectations of persons downstream who may encounter its product. . . `The law does not spread its protection so far.'" (citation omitted). East River Steamship Corp. v. Delaval Inc.,476 U.S. 858, 874, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986).
The issue of whether the plaintiff should have a remedy or whether such a remedy would be an undue burden upon a manufacturer presents a question of public policy which has been decided by the legislature. The legislature has seen to fit to carve out commercial losses between commercial parties for treatment "only" under the UCC which does not by its terms provide a remedy to the plaintiff. Connecticut General Life Ins. Co. v. Grodsky Service Inc., 781 F. Sup. 897 (D. Conn. 1991). Accordingly, the Motion to Strike the third count of the Complaint is hereby granted.
Cohen, Micci Thomas for plaintiff.
J. E. Lee for defendant. CT Page 10833