[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff, Pheng Khongdy, commenced this action by complaint dated October 18, 1993, against the defendant, Die-Quip Corporation ("Die-Quip"). The plaintiff alleges that during the course of his employment with Southwick Meister, Inc. ("Southwick"), he sustained serious injuries while operating a model A G 67 grinding machine which was designed, manufactured and sold by the defendant. The plaintiff further alleges that his injuries are the proximate result of the unreasonably dangerous and defective condition of the defendant's grind machine.
Count One of the plaintiff's complaint is a claim brought pursuant to the Connecticut Product Liability Act (CPLA), General Statutes Sec. 52-572m et seq. He alleges, inter alia, that the safety mechanisms on the grinding machine were designed inadequately; that there were no adequate warnings concerning the insufficient safety mechanisms; that the machine failed to meet the statutorily mandated safety and guarding standards identified in29 C.F.R. § 1910.211 to 1910.215 inclusive; that the component parts of the machine could not withstand normal usage without breakage; and that the defendant failed to inspect the machine to ensure that it was safe as to the plaintiff.
In his second count, the plaintiff incorporates by reference many of the allegations from the first count and alleges a violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes Sec. 42-110a et seq. Specifically, the plaintiff alleges that the defendant's failure to disclose to the general public the dangerous propensities of the machine constituted an unfair and deceptive business act.[1]
CT Page 6671
The defendant now moves to strike the second count of the complaint maintaining that the CPLA is the exclusive remedy for the personal injury alleged. Both parties have filed memoranda of law in support of their respective positions.
The defendant argues that the CUTPA claim alleged in the second count of the plaintiff's complaint is barred by General Statutes Sec. 52-572n. That section provides in relevant part that "a product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product."
Our Superior Court decisions are split on the issue of whether the CPLA exclusivity provisions preclude CUTPA claims pleaded simultaneously. Touchette v. Smith, 10 Conn. L. Rptr. 173
(November 15, 1993, Booth, J.). Three distinct modes of analysis have emerged. Some courts have held that Sec. 52-572n(a) provides the exclusive remedy, barring common law as well as statutory claims. See, e.g., Dinardo v. Coronaverden Atkiebo, 2 CSCR 803
(July 9, 1987, Ryan, J.); Grieg v. Koehring Construction EquipmentCo., 2 CSCR 511 (April 15, 1987, Noren, J.).
A second line of Superior Court decisions holds that the CPLA does not bar a CUTPA claim since the two statutory sections attempt to protect against difference types of harm. See, e.g., Cunninghamv. Chainsaws Unltd. Inc., 4 Conn. L. Rptr. 506 (September 11, 1991, Susco, J.); D'Alfonso v. Jacobs Suchard, Inc., 4 Conn. L. Rptr. 175
(May 17, 1991, Aronson, J.); Haesche v. Kissner, 4 CSCR 718 (August 15, 1989, Berdon, J.).
Some of the more recent and more persuasive decisions employ a `functional analysis' to determine the propriety of a CUTPA claim simultaneously with a claim pursuant to the CPLA. See, e.g.,Stella v. Icicle Seafoods, Inc., 10 Conn. L. Rptr. 577 (December 21, 1993, Berger, J.); Londrini v. Brito Enterprises,9 Conn. L. Rptr. 617 (August 23, 1993, Hendel, J.); Christy v. Soft SheerProducts, Inc., 7 Conn. L. Rptr. 601 (December 14, 1992, Leheny, J.); Estate of Notman v. Ford Motor Company, 6 Conn. L. Rptr. 117
(March 30, 1992, Burns, J.). Under this functional analysis, the CPLA is viewed as precluding "any claim that is `basically coextensive with' or `functionally equivalent to' a simultaneously plead product liability claim." Estate of Notman v. Ford MotorCompany, supra, 118, quoting West Haven School District v.CT Page 6672Owens-Corning Fiberglass Corp. , 14 Conn. L. Trib. 23 (D.Conn., November 7, 1988, Nevas, J.).
General Statutes Sec. 52-572m(b) defines a "product liability claim" as follows:
 "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express of implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent. (Emphasis added.) General Statutes Sec. 52-572m(b).
In the present case, the plaintiff alleges in the second count of his amended complaint, in which he attempts to state a CUTPA claim, that the defendant has engaged in unfair business practices by asserting that the grinding machine meets or exceeds industry and government standards when it allegedly did not. The count is "basically co-extensive with" and "fundamentally equivalent to" the product liability claim alleged in the first count. The product liability claim is based, in part, on the defendant's alleged failure to adequately warn users that the machine had insufficient safety mechanisms and failure to adequately warn users not to use the machine without these safety mechanisms.
The CPLA is "the exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471, (1989). Because there is no functional distinction between the allegations comprising the CUTPA claim and those comprising the product liability claim, the motion to strike the second count of the plaintiff's complaint is granted.