[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes to the court pursuant to a Motion to Strike filed by the apportionment defendants, Lighting Affiliates, Ltd. and Lightoleer Co., Inc., each of whom were summoned to appear pursuant via Apportionment Complaint dated December 1, 1995, and filed December 18, 1995.
The underlying facts are as follows.
On January 14, 1994, Carla Paul was a visiting patron on the premises of Foxwood High Stakes Bingo and Casino. A light fixture came loose from the ceiling and struck her, causing injuries. She brought an action against Foxwood in the Tribal Court. She instituted a second cause of action against McPhee Electrical Contractors, a/k/a McPhee, Ltd. in this court. The complaint against McPhee alleges that McPhee was negligent in the installation of the light fixture. McPhee thereafter served an apportionment complaint on Lighting Affiliates and Lightoleer, making them parties to the action for all purposes. P.A. 95-111 § 1.
McPhee's "Apportionment Complaint" reasserts the allegation of Carla Paul's original complaint, in that McPhee was claimed by Carla Paul to have installed the offending light fixture. The "Apportionment Complaint" further sets out that the apportionment defendant Lighting Affiliates, Ltd. sold and Lightoleer manufactured and sold the light fixture. McPhee sets out various claims of negligence regarding the sale and manufacturing of the light fixture. The complaint alleges in part a product liability claim. Other allegations of active and passive negligence are also alleged. More particularly that the two third party defendants still controlled the fixture and that the defendant McPhee was unaware of any defects in the light fixture and relied on information and belief that neither one of the third party defendant had been itself been negligent.
The applicable law is as follows.
Section 52-527n. Product liability claims. (a) CT Page 4286 A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572q, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product. (Emphasis added.)
 Section 52-572m. Product liability actions.
Definitions. As used in this section and sections 52-240a, 52-240b, 52-572 to 52-572q, inclusive, and 52-577a.
 (a) "Product seller" means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale of for use or consumption. The term "product seller" also includes lessor or bailors of products who are engaged in the business of leasing or bailment of products.
 (b) "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implicated; breach of or failure to discharge a duty or warn to instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
 (c) "Claimant" means a person asserting a product liability claim for damages incurred by the claimant or one for whom the claimant is acting in a respective capacity.
 (d) "Harm" includes damage to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, CT Page 4287 "harm" does not include commercial loss.
 (e) "Manufacturer" includes product sellers who design, assemble, fabricate, construct, process, package or otherwise prepare a product or component part of a product prior to its sale to a user or consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer.
 Section 52-577a. Limitation of action based on product liability claim. . . . (b) In any such action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court.
 Section 52-572h. Negligence actions — Liability of multiple tortfeasors for damage. . . . (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
 P.A. 95-111
 Section 1. (a) A defendant in any civil action to which section 52-572h of the general statutes applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendant CT Page 4288 filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the superior court on or before the return date specified in the apportionment complaint. The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under section 52-572h
of the general statutes.
The Apportionment Complaint is a complaint alleging a claim sounding in product liability. McPhee does not allege in that complaint either expressly or by incorporation by reference to the original Carla Paul complaint that McPhee is a product seller. In order to take advantage of Section52-577a(b) there must be an allegation of such status which gives rise to an issue of fact that McPhee qualify as a "product seller." Connecticut General Statutes § 52-577a(b) provides that a "product seller may implead" a third-party who may be liable.
This court concurs with the movant that an allegation that McPhee is a product seller is essential to provide a right to implead each of the third party defendants pursuant to Connecticut General Statutes § 52-577a(b).
Section 52-572h(c) provides that in a negligence action each party against whom recovery is allowed should be liable for only that part that is in proportion to that party's fault.
The legislature specifically differentiates between a product liability claim and a negligence action. The definition of a product liability claim as set out in 52-572m
is clear. The legislature, when defining a product liability claim, directs that the negligent manufacturing, packaging, inspecting, warning, etc. of a product shall thereafter be considered as a "product liability claim" and is distinguished from that of a negligence action. The law provides further that when the claim is a "product liability claim," the law governing such claims shall apply, and when asserted, as it has been in this case, it shall be in lieu of all other claims against a "product seller" including actions of negligence. CT Page 4289
That being the case, section 52-572h does not apply because the present complaint is not a negligence action, but one grounded in product liability claim. Nor does P.A. 95-111 which is a procedural vehicle to implead another party who may be liable in a negligence action. In order to implement P.A. 95-111 the case must be a "negligence action" to which section52-572h of the General Statutes applies. Section 52-572h does not apply. That being the case, P.A. 95-111, the vehicle to procedurally implead the third party defendant is neither fueled nor empowered to bring a third party defendant into the case.
It may have been the intention of the legislature when enacting the various statutory provision governing impleading to provide a procedural method to bring all the wrongdoers, those at fault, for an injury or loss together to answer up for that proportionate part of compensation as that wrongdoer's fault bears to 100% of the fault that caused the injury or loss.
When a statutory provision is not ambiguous this court must deal with what the law states and not with what the legislature intended to resolve in its enactment. Robinson v.Unemployment Security Review Board, 181 Conn. 1, 6,434 A.2d 293.
While this court may concur with the argument of McPhee as to the result of the implementation of the law, this court is unable to make an accommodation and leaves whatever amendment or remedy to the legislature.