[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION TO STRIKE (DOCKET ENTRY No. 131)
The plaintiffs, Louise M. Veroczi and Stephen Veroczi, filed a two-count complaint on October 25, 1996 against the defendant, Big Y Foods, Inc. (Big Y). The plaintiffs allege that while Louise Veroczi was in the defendant's place of business purchasing grapefruits, her foot became caught under the grapefruit display, causing her to fall and be injured. Big Y subsequently filed a third party complaint dated June 24, 1997 against the Florida Department of Citrus and Citrus Commission (Florida), alleging that the display was not designed, constructed or assembled by Big Y, but rather by Florida. Big Y further alleges that the design of the display was in the exclusive control of Florida, and that if Big Y is found liable to the plaintiffs, Florida should indemnify Big Y.
In a motion to strike filed on November 24, 1997, Florida moves to strike the third party complaint on the ground that Florida could not have been in exclusive control of the situation in which Louise Veroczi was injured. In an objection to the motion to strike filed on December 11, 1997, Big Y argues that it has pleaded sufficient facts showing that Florida was in exclusive control of the design of the display.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint CT Page 1467 most favorably to the plaintiff. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997).
Florida argues that Big Y cannot as a matter of law prove that Florida was in control of the situation in which Louise Veroczi was injured to the exclusion of Big Y. Florida argues that Big Y was responsible for setting up the display, and that Big Y Foods, Inc. has failed to plead facts showing that Florida was in control of the situation. Florida also argues that although whether a party is in control of a situation is normally a question of fact, but where no reasonable jury could hold that the third party defendant was in control of the situation to the exclusion of the third party plaintiff, the claim should be disallowed as a matter of law. Big Y argues that it has pleaded sufficient facts to demonstrate that Florida was in exclusive control of the situation causing Louise Veroczi's injuries.
If a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought. Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. Burkert v. Petrol Plus Of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990). The question whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact and not appropriate for disposition by the court on a motion to strike. Thus, the proper inquiry for the court is whether the third-party plaintiffs could prove, on the basis of their allegations, that they are entitled to indemnification. Coates v.Rolscreen Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 330146 (January 19, 1996, Licari, J.) (16 CONN. L. RPTR. 35, 36).
Big Y has alleged a products liability claim against Florida. The allegations required to state a cause of action in a products liability suit are (1) a sale of the product, (2) the defendant CT Page 1468 sells such a product,[1] (3) the product reached the plaintiff without substantial change, (4) the product was unreasonably dangerous, and (5) the product caused the plaintiff's injury.Onorato v. Southeast Area Transit System, Superior Court, judicial district of New London at Norwich, Docket No. 090700 (January 8, 1991) (Austin, J.). Here, Big Y has alleged that the display was intended to promote the selling of Florida citrus products, that Florida citrus products would be delivered into the stream of commerce, that Florida advertises its products in Connecticut, that Florida intended that the display would be placed in the retail area of supermarkets to aid in the selling of Florida products, that the display was to be used as designed without any substantial change in the presentation of the display, that the display was dangerous, and that if the display was improperly designed or defective as alleged by the plaintiff, then Florida is liable to Big Y for the plaintiffs' damages.
Taking the allegations contained in the complaint in the light most favorable to Big Y, it is clear that the third party complaint alleges a cause of action under the Connecticut Product Liabilities Act, General Statutes § 52-572m et seq., rather than a common law cause of action sounding in negligence.[2]
This conclusion is further buttressed by the fact that Big Y has failed to allege that Florida owed the plaintiff a duty, that it breached this duty and that it was this breach of duty that caused the plaintiff's injuries Irrespective of how the parties choose to characterize the language in [the third party complaint], what is alleged is the functional equivalent of a products liability claim.Allard v. Liberty Oil Equipment Co., Inc., Superior Court, judicial district of Hartford, Docket No. 562255 (March 7, 1997) (Lavine, J.) (19 CONN. L. RPTR. 221, 222). Finally, the legislature clearly intended to make our product liabilities act an exclusive remedy for claims falling within its scope. Winslow v.Lewis-Shepard, Inc., 212 Conn. 462, 471, 562 A.2d 517 (1989). Based on the above reasons, that Big Y's allegations in the third party complaint that the display was improperly designed or defective should therefore be treated as a products liability claim, rather than a common law negligence claim.
Furthermore, the present action is factually similar toBernard v. Marriott Corp., Superior Court, judicial district of Stamford, Docket No. 114261 (May 11, 1992) (Rush, J.) (6 CONN. L. RPTR. 406), in which the plaintiff instituted action against Marriott to recover for personal injuries sustained when a heat lamp in a hotel room exploded and injured the plaintiff. Marriott CT Page 1469 filed a third-party action against General Electric Company for indemnification, which moved to strike the complaint on the ground that because Marriott had possession of the lamp, it could not satisfy the requirement that General Electric had exclusive control over the situation. In denying the motion, the court stated that:
 "In the product liability context, where it is claimed that the manufacturer has placed a defective product in the stream of commerce, the court is unwilling to conclude, as a matter of law, that the parting with possession of the product by the manufacturer prevents it from being in exclusive control over the situation' where the product causes an injury to a third party. In light of the evidence that might be admissible under the pleadings in the present action, the court regards the question of exclusive control an issue to be determined by the trier of fact."
Id., 407.
The reasoning in Bernard was followed by the court inTorrington Country Club v. Ply Gem, Inc., Superior Court, judicial district of Litchfield, Docket No. 061340 (June 21, 1994) (Pickett, J.) (12 CONN. L. RPTR. 53). In Torrington CountryClub, the defendant in a products liability action filed a third party complaint for indemnification against the suppliers of allegedly defective wooden trusses and lumber. The third party plaintiff alleged that the third party defendants placed the product in the stream of commerce and that the third party plaintiff installed the product without claimed that they were retailers and therefore, as a matter of law, could not have been in "exclusive control over the situation." The court, however, defined the "situation" as the "use and installation" of the defective product. Acknowledging that a motion to strike admits all well-pleaded facts, the court stated that the third party defendants could be exclusively responsible for the use and installation of the defective product which caused substantial damage to the plaintiff's property. The court held that the third party plaintiff sufficiently alleged exclusive control over the situation. Id., 55.
In citing the above holdings with approval, the court Coatesv. Rolscreen Co., supra, 16 CONN. L. RPTR. 37, ruled that: CT Page 1470
 "In the product liability context, the exclusive control element's not limited to control over the premises where the injury occurs . . . . Rather, it includes control over the condition or defect causing the injury . . . . Whether [the third party defendant] had exclusive control over the situation is a question of fact for the trier of fact . . . . The relevant inquiry in a motion to strike is whether the plaintiff's allegations, if proven, state a cause of action. . . . The [third party plaintiffs] allege that [the third party defendant] had exclusive control over the design, manufacture, marketing and distribution of the [product] and that the [product] reached the [third party plaintiffs] without substantial change in its condition. Based on the decisions in Bernard and Torrington Country Club, the allegation of exclusive control is sufficient to withstand a motion to strike." (Citations omitted.)
Consequently, Big Y has pleaded sufficient facts to withstand Florida's motion to strike. In addition to those facts already recited, supra, Big Y also alleged that the display was delivered to Big Y in the exact condition in which it was presented to the Big Y store, it was designed by Florida, the design of the display was in the exclusive control of Florida, Florida expected the display to be used as designed without substantial change, and Florida intended that its products would be delivered into the stream of commerce in Connecticut. Based on the facts as alleged and the cases cited above, Big Y has pleaded sufficient facts to show that Florida was in exclusive control of the display.
Accordingly, Florida's motion to strike is hereby denied.
MELVILLE, J.
[*] Editor's Note: For another reported opinion in this matter see 20 CONN. L. RPTR. No. 13, 438 (December 15, 1997).