[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The defendant, Clark Equipment Company, Inc., has moved the court, pursuant to Practice Book § 384, to enter summary judgment in favor of the defendant as to: 1) the first count of the plaintiff's complaint on the grounds that the claim is barred under the applicable statute of limitations; and 2) the second count of the plaintiff's complaint because of the plaintiff's Connecticut Unfair Trade Practice claim is functionally identical to, and therefore barred by, her claim under the Connecticut Products Liability Act. In support of its motion, the defendant has submitted a memorandum of law with exhibits.
In response to the defendant's motion for summary judgment, the plaintiff has filed an objection. The plaintiffs object to the defendant Clark Equipment Company's motion for summary judgment for the reason that: 1) the defendant's motion for summary judgment on the first (Products Liability) count is premature; 2) the defendant Clark Equipment Company's motion for summary judgment on the second (CUTPA) count is also premature; and; 3) the plaintiff impermissibly seeks to have the court rule on the legal sufficiency of the second count by summary judgment. The defendant has also submitted a legal memorandum and exhibits in support thereof.
At an earlier date, the court denied the defendants' motion for summary judgment without prejudice. The defendant Clark Equipment Company requests this court to articulate its reason for denying without prejudice Clark's motion for summary judgment, dated November 24, 1997. Clark requests that this court articulate the basis for its decision with regard to each of the two separate arguments raised by Clark in the motion. Clark's first argument is that it is unclear from the denial which of Clark's assertions, if any, the court disagrees; that is, whether the plaintiff was a person entitled to workers' compensation under Chapter 568 of the General Statutes or whether Clark did not exercise control over the forklift within the ten-year period CT Page 5568 prior to the plaintiffs' accrual of his cause of action. With regard to Clark's second argument, the court denial does not articulate whether the court applied "functional equivalence tests" more, if it did, how the plaintiffs' CUTPA claim differs from its Connecticut Products Liability Act.
The specific statute of limitations applicable to the case at bar is General Statutes § 52-577a (1997), which governs products liability claims in states:
 (a) no product liability claim as defined in section 52-572m
shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party later than ten years from the date that the party last parted with possession or control of the product.
The defendant has attached supporting evidence to its memorandum, which would indicate that the forklift was manufactured over twenty-seven years ago and has had several owners. Originally, Clark sold the forklift to Yankee Plastics. On the date of this accident, July 14, 1995, the forklift was owned and maintained by Mr. Bogrette's employer, Merriam Motors, who had purchased the forklift from Summit in 1995. Additional evidence submitted by Clark showed that at no time after the original date in 1969 did Clark regain possession or control of the forklift. Clark never serviced the vehicle nor did Clark ever repurchase the vehicle. The date that Clark last parted with possession or control of the product was November 21, 1969.
The factual basis for this claim is that on July 14, 1995, at approximately 12:45 P.M., Edmund Bogrette was operating the forklift owned by his employer on the premises of his employer. Suddenly and without warning to Edmund Bogrette the forklift manufactured by defendant Clark and distributed by defendant Summit tipped over onto Bogrette's neck and head. The impact caused severe crushing and fracture of Edmund Bogrette's head and neck and other injuries as set forth in greater detail in his complaint causing his death.
Plaintiff has alleged in its complaint that Clark and Summit are liable to plaintiffs for all injuries proximately caused by plaintiffs by the forklift truck in accordance with General CT Page 5569 Statutes § 52-572m, et seq. (The Connecticut Products Liability Act). The first count of plaintiff's complaint is a legally sufficient products liability claim containing sixteen paragraphs containing thirteen specifications of culpability in accordance with § 52-572m, et seq.
In the second count of the plaintiff's complaint, which is directed to the defendant Clark Equipment Company, Inc., only the plaintiff has pleaded that this injury was the result of a violation of the Connecticut Unfair and Deceptive Trade Practices Act, General Statutes § 42-110a, et seq., in that the sale of the forklift, which violates General Statutes § 52 572m, et seq., constitutes an unfair and deceptive trade practice because it is unfair to place unreasonably dangerous products in the stream of commerce, and it is deceptive to fail to warn of the dangerous nature of the product. The plaintiff claims that as a result of defendant's unfair and deceptive trade practice, plaintiff has sustained an ascertainable loss and actual damages. In the second count, the plaintiff has incorporated paragraphs one through sixteen of Count One as paragraphs one through sixteen of Count Two as though more fully set forth herein. These sixteen paragraphs are the sixteen paragraphs which set out a claim for this injury on the basis of a violation of the Connecticut Products Liability Act.
Subsection c of § 52-577a, the products liability statute of limitations provides as follows:
 "The ten-year limitation provided for in subsection(a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under Chapter 508, provided the claimant can prove that the harm occurred during the useful safe life of the product."
Thus, claims by individuals entitled to receive workers' compensation who are injured by defective products expire ten years from the date the manufacturer last parted with control of the product. All other individuals can bring claims as long as they establish that the injury occurred within the "useful safe life" of the product.
Defendant argues and submits evidence that Mr. Bogrette is a person entitled to receive benefits under Chapter 568 (Workers' Compensation); further, the claim was brought considerably later than ten years from the date that Clark last parted with CT Page 5570 possession or control of the product.
Plaintiff has attached Exhibit A to its memorandum, which is a finding of facts and award in the matter of the estate of Edmund J. Bogrette and Karen Bogrette, claimant, dependent widow of Edmund J. Bogrette, deceased. This finding of facts and award was entered by the Honorable Angelo L. dos Santos, commissioner, after a hearing in the eighth district at Middletown in accordance with File No. 800102279. The commissioner found, in fact, that Mr. Bogrette, the decedent, was an employee of Merriam Motors on July 14, 1995, and that decedent's injury and death arose out of and while he was in the course of his employment with Merriam Motors; that the activity engaged in by decedent at the time of the injury was incidental to his employment and worked to the benefit of the employer. As a result of making these findings, the commissioner ordered that medical bills are ordered paid by the respondents; and any other ancillary bills related to this accident and treatment shall be the responsibility of the respondents and further ordered that the widow, Kathryn Bogrette, shall receive dependency compensation as set forth in the Connecticut General Statutes § 31-306, from the date of the decedent's death to the present and continuing. In addition, the commissioner allowed the claimant a $4000 burial allowance.
The plaintiff has affixed Exhibit B to his memorandum objecting to the motion for summary judgment. Exhibit B is a petition for a review of the decision of the commissioner by the employer, Merriam Motors, and insurer of the employer. The compensation review board has not yet rendered a decision on the appeal from Commissioner dos Santos' findings and award. Since the commissioner's findings of law and fact must await the rendering of a final decision by the compensation review division, the court cannot say conclusively that the claimant in this case is covered by workers' compensation. For this reason, the court has deemed the plaintiff's motion for summary judgment addressed to the first count of complaint, basis of the applicable statute of limitations to be premature. The court denies the plaintiff's motion on this basis. As to Clark's further argument that Clark did not exercise control over the forklift within the ten-year period prior to the plaintiff's accrual of his cause of action, the court also finds this argument premature inasmuch as discovery procedures have not been completed in this matter as of this date. This finding also applies to the third count of the plaintiff's complaint. CT Page 5571
 II.
Defendant's motion for articulation asked the court to articulate whether the court's denial without prejudice of summary judgment of its motion on the second count of the plaintiff's complaint; i.e., her claim under the Connecticut Unfair Trade Practice Act, involved a consideration by the court of defendant's contention that the CUTPA count was functionally identical to and therefore barred by her claim alleged in the first count under the Connecticut Products Liability Act. The short answer is that the court did not specifically consider either the claim or the plaintiff's opposing argument but will do so in this memorandum.
Plaintiff's first count spells out a claim for all injuries proximately caused to plaintiff by a product, specifically, a forklift truck, in accordance with § 52-572m, et seq., of the General Statutes, the Connecticut Products Liability Act. The count contains sixteen paragraphs. Plaintiff's second-count incorporates the sixteen paragraphs, plus four other paragraphs to wit:
Paragraph 17. The defendants have place an unreasonably dangerous and defective product into the stream of commerce with full knowledge of its propensity to injure operators such as Edmund Bogrette and without adequate warning of the severe harm which could result from improper use.
Paragraph 18. The sale of the forklift and other similar forklifts constitutes trade or commerce as defined by Connecticut General Statutes § 42-110a(d).
Paragraph 19. Defendants have engaged in conduct which is in violation of the Connecticut Unfair and Deceptive Trade Practices Act and Connecticut General Statutes § 42-110a, et seq., in that the sale of the forklift which violates Connecticut General Statutes § 52-572m, et seq., constitutes an unfair and deceptive trade practice because it is unfair to place unreasonably dangerous products in the stream of commerce and it is deceptive to fail to warn of the dangerous nature of the product.
Paragraph 20. As a result of the defendant's unfair and deceptive trade practice, plaintiffs have sustained an ascertainable loss and actual damages as more particularly set CT Page 5572 forth herein.
The memorandums of the defendant and the plaintiffs set out the various positions the Appellate and trial courts have taken on the preclusive effect of the Connecticut Products Liability Act, § 52-572n(a) of the General Statutes. The Supreme Court in Winslow v. Lewis Shepard. Inc., 212 Conn. 462, 463 (1989) ruled that the Act is the exclusive remedy for claims falling within its scope. The Winslow case applied on its facts to common law claims for harm caused by a product including claims of strict liability, negligence and a breach of warranty.
The claim spelled out in the second count of this complaint is of statutory rather than common law origin, specifically, it involves § 42-110a through § 42-110r of the General Statutes (1995), The Connecticut Unfair Trade Practices Act. The Supreme Court has not yet spoken as to whether or not the preclusive effect of the CPLA, § 52-572n(a) also bars a statutory claim — in this case a CUTPA claim originating in § 42-110a through § 42-110r of the General Statutes (1995).
The purpose of the Products Liability statutes is to protect the public from harm caused by defective and hazardous products introduced into the stream of commerce. The thrust of the CUTPA act is not on defective or hazardous products but on unfair or deceptive trade practices. There is an abundance of case law on the issue of whether or not the preclusive effect of the Connecticut Products Liability Act bars claims filed in the same action under the Connecticut Unfair Trade Practices Act. These decisions have been analyzed in an article in the Connecticut Bar Journal, entitled "The Preclusive Effect of the Connecticut Products Liability Act on Connecticut Unfair Trade Practices Act" Volume 70, No. 5, pp. 333-352 (1996). The authors note that a trial court consensus has developed around a 1988 decision of Judge Nevas in the West Haven School District v. Owens CorningFiberglass Corp., Civ. No. H-85.[1] In this decision, Judge Nevas used a "functional equivalency" test to determine what statutory claims in that particular case, a CUTPA claim, are within the exclusive scope of the CPLA. This test requires the trial court to examine the CPLA claim and the statutory claim to determine whether they are essentially identical in wrongs asserted and in relief sought.
The CPLA count alleges culpability of the defendants arising out of their alleged failure in design, manufacture or CT Page 5573 distribution of any product and in failure to give warning of the dangerous propensities as designed, manufactured or distributed as well as defendant Clark's failure to test and design when defendant knew or should have known of the forklift's potential for danger. In addition, defendant Summit is charged with various breaches of warranty.
All of these allegations are repeated in the second or CUTPA count. The additional allegations contained in paragraphs seventeen, eighteen, nineteen and twenty of the second count concerning inadequate warnings and deception do not allege that plaintiff suffered any harm which is different from the harm in the CPLA count. This harm allegedly occurred as a result of the use of a defective product by the decedent. The definitions of products liability, § 52-572m(b) covers damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling any product. Section 52-572q
specifically permits the imposition of liability against a product seller due to lack of adequate warnings or instructions.
The court concludes that the additional allegations of failure to warn and deceptive trade practices do not take this count out of the preclusive effect of § 52-572n(a) of the General Statutes.
Since the allegations in the second or CUTPA count are the functional equivalent of the allegations of the legally sufficient products liability count, Count I, the CUTPA claim is barred by the preclusive effect of § 52-572n(a). Accordingly, the defendant Clark Equipment's motion for summary judgment is granted as to the second count of the plaintiff's complaint.
Dorsey, J. Judge Trial Referee