[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
CT Page 6507
The plaintiff, Cindy Bertucci, has filed an eight-count complaint against the defendants, General Motors Corporation (GMC) and Dan Perkins Chevrolet, Inc. (Perkins). The complaint sounds in violations of the Connecticut Products Liability Act (CPLA) (counts one and five), violation of General Statutes §52-240b (counts two and six), violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b, et seq. (counts three and seven), and breach of express and implied warranties (counts four and eight). The plaintiff alleges that she was injured on the Merritt Parkway when the convertible top of her vehicle broke off, causing her to "veer out of control, cross the right shoulder and collide with a tree [on] the side of the road."
The defendant Perkins filed a motion to strike counts seven and eight "because count one sets [forth] a claim under [General Statutes §] 52-575m, et seq., the Connecticut Products Liability Act (CPLA), which is the exclusive remedy for claims falling within its scope." The defendant GMC filed a motion to strike counts three and four based on the identical grounds.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
"The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471,562 A.2d 517 (1989). The issue presented, therefore, is whether the plaintiff's claims, as stated in counts three, four, seven and eight, fall within the scope of the CPLA.
The plaintiff's product liability claim is based on strict liability, negligence, failure to warn, inadequate warnings, and misrepresentation. Counts three and seven of the plaintiff's complaint sound in violations of CUTPA. CT Page 6508
"[W]hether a CUTPA claim may be pleaded in conjunction with a CPLA claim has not as yet been addressed by the Connecticut appeals courts. Further, . . . there is a split of authority among the Superior Courts that have addressed this issue, where three prevailing views have been expressed. The first view is to strike the CUTPA count as barred by the CPLA. The second view is to permit both the CUTPA and CPLA claims to stand irrespective of how pleaded. The third view applies a `functional analysis' test. . . ." Khouri v. Garden Way, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 151045 (Sept. 22, 1997, Karazin, J.) (20 CONN. L. RPTR. 221).
"The `functional analysis' third view holds that the CPLA precludes any claim that is `basically co-extensive with' or `functionally identical to' a simultaneously pleaded product liability claim. This view involves an analysis of the subject pleadings." Khouri v. Garden Way, supra, 20 CONN. L. RPTR. 221.
This test "recognizes the distinction between the issues of manufacture, design and marketing addressed by the CPLA and the issues of conduct addressed by CUTPA, while at the same time acknowledging the exclusivity of the CPLA where warranted."Khouri v. Garden Way, supra, 20 CONN. L. RPTR. 221. This test requires only that the plaintiff plead "facts in the CUTPA count beyond those necessary to support a product liability cause of action." Id.
The Khouri court relies on Geissler v. Ford Motor Company,
Superior Court, judicial district of Litchfield, Docket No. 061609 (Jan. 13, 1994, Dranginis, J.) (10 CONN. L. RPTR. 618, 9 CSCR 148). InGeissler, the plaintiff alleged, in both the CPLA and CUTPA counts that "the defendants failed to disclose to the general public the dangerous propensities of the brakes and misrepresented to the public that the brakes were safe." Id. The court denied the motion to strike, stating that "[t]hese allegations are unnecessary to support a product liability claim, but are sufficient to support a cause of action under CUTPA." Id.
"To maintain a product liability action based on strict liability, the plaintiff must allege that: (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of CT Page 6509 the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition. . . . For a product liability action based on negligence, plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the injury. . . ." (Citation omitted; internal quotation marks omitted.) Geissler v. FordMotor Company, supra, 10 CONN. L. RPTR. 618, 9 CSCR 148.
In determining whether certain acts constitute a violation of [the CUTPA, the Supreme Court has] adopted the criteria set out in the cigarette rule by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559, 591-92, 657 A.2d 212
(1995).
In the present case, the plaintiff alleges, in both her CPLA and CUTPA counts, that "the defendant [GMC] misrepresented to the plaintiff and the general public that the [vehicle] was safe for public use. "And, that both defendants "failed to recall, replace or repair" the vehicle. In her CUTPA count, the plaintiff again alleges that the defendant "failed to properly repair the defective [vehicle] despite repeated requests to [do so]. . . ." Similar to the plaintiff's allegations in Geissler and Khouri, the present allegations are unnecessary to support a products liability, claim but are sufficient to maintain an action sounding in a violation of the CUTPA. Counts three and seven are legally sufficient. The motion to strike counts three and seven, therefore, is denied.
In count four of the complaint, the plaintiff alleges that "[d]espite repeated requests, [GMC] failed to remedy the aforementioned problems and the said car remained in an unreliable and unsafe condition." This conduct, according to the plaintiff's complaint, amounts to a breach of express and implied warranties made by the defendant GMC to the plaintiff.
General Statutes § 52-572m(b) states that product liability claims include "all actions based on the following CT Page 6510 theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent."
Count four sounds in breach of warranty, one of the types of actions listed in section 52-572m(b). However, the plaintiff complains that the defendant GMC breached its warranty to make requested repairs. The plaintiff is not complaining that the defendant GMC breached its warranty regarding anything having to do with the product itself. See General Statutes §52-572m(b)("`Product liability claim' includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." (emphasis added.)) The plaintiff's allegations go beyond those allegations required to maintain a products liability action, and are beyond the scope of claims anticipated by the CPLA. Count four is legally sufficient. The motion to strike count four, therefore, is denied.
Similarly, the plaintiff, in count eight, alleges that the defendant Dan Perkins "failed to remedy the . . . problems . . ." in violation of express and implied warranties given to the plaintiff. This also is an allegation of conduct going beyond that which is contemplated by the CPLA. Count eight is legally sufficient. The motion to strike count eight, therefore, is denied.
D'ANDREA, J.