[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MORANDUM OF DECISION RE MOTION TO STRIKE #130
The plaintiff, Stephanie Mason, filed an amended five count complaint against the defendants, Mercury Fuel Service, Inc., Devon Realty and Dayton Electric Manufacturing Co., Inc., for injuries sustained as a result of operating an alleged defective air compressor for use in inflating motor vehicle tires. The complaint alleges that on October 4, 1996, the plaintiff was lawfully operating an air compressor at the defendant's gasoline station known as BP Mercury, located at 570 Meriden Road, Waterbury, Connecticut, when a portion of the compressor, suddenly and without warning, exploded in her hand causing the plaintiff to suffer severe and serious personal injuries.
The first count against the defendant Mercury and second count against the defendant Devon Realty, allege that the defendants provided the air compressor for the use of their customers and the general public and are liable pursuant to General Statutes § 52-572m for the plaintiff's injuries caused by the explosion. The first and second counts allege that the defendants Mercury and Devon Realty were product sellers of the air compressor machine as defined by the product liability act under General Statutes § 52-572m.
The third count alleges that the defendant Dayton Electric Manufacturing Co., Inc., was engaged in the manufacture, wholesaling, distribution and retailing of the air compressor that allegedly caused the plaintiff's injuries. The third count alleges that Dayton Electric was a product seller and is liable to the plaintiff under General Statutes § 52-572m. The fourth count sounds in negligence against the defendant Mercury. The fifth count sounds in negligence against the defendant Devon Realty.
The defendants filed the present motion to strike the fourth and fifth CT Page 9299 counts of the amended complaint on the ground that General Statutes § 52-572n is the plaintiff's exclusive remedy for a products liability claim and, therefore, the plaintiff may not plead additional common law negligence claims in separate counts. The plaintiff filed an objection on the ground that General Statutes § 52-572n does not preclude the plaintiff from alleging an alternate theory of liability that the defendants are liable at common law in the event that they are not deemed to be product sellers within the meaning of the statute.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael. Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike, admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Id., 588.
General Statutes § 52-572n (a) provides, "[a] product liability claim as provided in sections 52-540a, 52-540b, 52-572m to 52-572q, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product." Id. "The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v.Lewis-Shepard, Inc., 212 Conn. 462, 471, 562 A.2d 517 (1989). "[T]he purpose behind the act is to merge the numerous causes of action that have been asserted in common law product liability actions and to create one statutory cause of action embracing the various theories of liability." (Citation omitted.) Utica Mutual Insurance Co. v. Denwat Corp.,778 F. Sup. 592, 596-97 (D. Conn 1991)
In the present case, the defendants argue that pursuant to General Statutes § 52-572n, the plaintiff may not plead common law or statutory claims in addition or in the alternative to a product liability claim. Specifically, the defendants argue that the plaintiff attempts to file additional causes of action in the fourth and fifth counts of the amended complaint, alleging a quasi products liability claim without reference to General Statutes § 52-572n and additional allegations of negligence. In its objection, the plaintiff concedes that ultimately the defendant may be held liable under the common law or the statute, but not CT Page 9300 both. (Plaintiff's Objection, p. 4.) The plaintiff states it is not clear which of the two mutually exclusive theories will prevail. (Plaintiff's Objection, p. 4.) The plaintiff argues that whether or not the defendants were "product sellers" under the statute is a question of law for the court to decide. The plaintiff argues that if the court decides that the defendants are not "product sellers," then the plaintiff has no products liability cause of action and should be allowed to proceed with her allegations of negligence.
"Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Dreier v. Upjohn Co.,196 Conn. 242, 245, 492 A.2d 164 (1985). At this stage of the pleadings there are insufficient facts for the court to determine whether the plaintiff's claims fall within the scope of General Statutes § 52-572n. See Fusaro v. Waldbaum, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 74280 (August 2, 1995, Arena, J.) Because a motion to strike does not admit legal conclusions, the court cannot assume that the defendants are "product sellers" within the meaning of the statute. The plaintiff may plead its case in the alternative until such time as it is determined that the products liability counts are improper. Accordingly, the defendants motion to strike is denied.
PETER EMMETT WIESE, J.