[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE ##161, 162, 163, 164, 165 and 167
The plaintiffs, David Edwards and his wife, Annamarie Edwards, in their revised complaint dated January 29, 2002, have proceeded under the Connecticut Product Liability Act, General Statutes § 52-572m et CT Page 8921 seq. (CPLA) against a number of manufacturers and distributors of products containing phenylpropanolamine (PPA). The complaint alleges that David Edwards had a stroke as a result of his ingestion of several different PPA-containing products manufactured, distributed and sold by the defendants. The products that Mr. Edwards injested included Tavist-D, a cough/cold medication; Dexatrim, an appetite suppressant; and Robitussin, a cough/cold medication. The plaintiffs allege that the ingestion of Tavist-D, Dexatrim and Robitussin, all containing PPA, during a period from December 3rd through December 5, 1996, resulted in Mr. Edwards suffering a hemorrhagic stroke.
A number of the defendants have moved to strike counts asserted against them under the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA) and a civil conspiracy theory. The defendant Arthur Drug Stores, Inc. has moved to strike the claim for punitive damages.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of the complaint . . . to state a claim upon which relief can be granted. . . (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v. United Technology Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348 576 A.2d 148
(1990). "[A motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . ." (Citations omitted; emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 260, 765 A.2d 245 (2001). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
CUTPA CLAIMS
The Connecticut General Statutes provide that a "product liability CT Page 8922 claim includes [all claims alleging a product seller's misrepresentation or non-disclosure regarding the quality or safety of a product and] all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." General Statutes § 52-572m (b). The CPLA further provides that a products liability claim "shall be in lieu of all other claims against product sellers." General Statutes § 52-572n (a). The Connecticut Supreme Court has interpreted this language in the CPLA to find it "unequivocal" that "[t]he legislature clearly intended to make our product liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc.,212 Conn. 462, 471, 562 A.2d 517 (1989).
In determining what falls within the scope of a CPLA claim, this court has, on two prior occasions, adopted the functional equivalence test. SeeBarry v. Quality Steel Products, Inc., Superior Court, Complex Litigation Docket, judicial district of Waterbury, Docket No. 153059 (October 29, 1999, McWeeny, J.) (25 Conn.L.Rptr. 549), and Sit v. Dighello Bros.Auto Sales, Superior Court, Complex Litigation Docket, judicial district of Waterbury, Docket No. 149919 (March 13, 2000, McWeeny, J.).
In the instant case, the CUTPA claims are merely the incorporation of the CPLA claims. Essentially, the plaintiffs allege in their CUPTA claims that the defendants have manufactured and made misrepresentations about the nature, quality and safety of their products. This is especially the case with respect to the defendants who are alleged to have sold the products. The CUTPA allegations on which the plaintiffs rely in opposition to the motions to strike merely recast the business practice of putting the PPA-containing products into the stream of commerce as a business practice that violates CUTPA. The CUTPA claims are classic CPLA claims of misrepresentation or non-disclosure or failure to warn or instruct concerning over-the-counter medications. They are the functional equivalents of the CPLA claims.
The plaintiffs also argue that the CUTPA claims should be allowed to go forward because of the difference in relief afforded by a CUTPA claim as opposed to a claim under the CPLA. This argument highlights the need for CPLA to be the exclusive remedy for such claims. Under the CPLA, punitive damages are available when caused by the product seller's "reckless disregard for the safety of product users." General Statutes § 52-240b. By such statutory provision, punitive damages are limited to an amount equal to twice the plaintiff's compensatory damages. Reasonable attorneys' fees are available pursuant to General Statutes § 52-240a, if a party's claim or defense is determined "frivolous." These limitations would appear to be in conflict with the award of attorney's CT Page 8923 fees and punitive damages under CUTPA. See Gill v. Petrazzuoli Bros.,Inc., 10 Conn. App. 22, 33-34, 521 A.2d 212 (1987).
The motions to strike are granted as to the CUTPA claims.
CIVIL CONSPIRACY CLAIMS
The civil conspiracy claims are subject to the same functional equivalence test; they must avoid the exclusive remedy provision of the CPLA if they are to proceed to trial. In the instant case, the plaintiffs essentially have followed the same pleading practice with respect to the civil conspiracy claim that they employed when pleading the CUTPA claims, by incorporating the CPLA claims or restating the CPLA claims as civil conspiracy. Essentially, the plaintiffs have pleaded that the defendants conspired to continue the over-the-counter sale of the PPA products, despite their knowledge that the products were defective and unsafe; in furtherance of the conspiracy, they manufactured and distributed the products with the knowledge that they were unsafe, failed to warn the public, and resisted changes in regulations with respect to the products. The damages are the same as those alleged in the CPLA claims.
A civil conspiracy claim in Connecticut is directed at damages caused by acts pursuant to a conspiracy. Benoit v. Amalgamated Local 299 UnitedElec. Radio Mach. Workers of America, 150 Conn. 266, 276, 188 A.2d 499
(1963). "[T]here is no such thing as a civil conspiracy but rather an action for damages caused by acts committed pursuant to a formed conspiracy." (Citation omitted.) Id. The civil conspiracy claim merely extends liability to all conspirators for the damage that results "from any overt act committed by one of them pursuant to the combination."Governors Grove Condominium Ass'n, Inc. v. Hill Dev. Corp.,36 Conn. Sup. 144, 151-52, 414 A.2d 1177 (1980, Borden, J.). The CPLA claims have been made against all defendants and provide an adequate and exclusive remedy to the plaintiffs. Civil conspiracy claims are redundant and barred by the CLPA's exclusivity provision. The civil conspiracy claims are stricken.
PUNITIVE DAMAGES
Punitive damages are allowed pursuant to the CPLA at General Statutes § 52-240b. They are available if the product seller demonstrates reckless disregard for the safety of product users, consumers or others who are injured by the product. Ames v. Sears Roebuck Co.,8 Conn. App. 642, 654, 514 A.2d 642 (1986). The plaintiffs specifically allege reckless conduct by the defendants in continuing to manufacture and distribute a product, knowing that it was unsafe and dangerous to the CT Page 8924 product users, including the defendant's knowledge that the consumers could suffer strokes, including fatal strokes. The allegations are sufficient to allow the inclusion of the punitive damage claim. The motion to strike is denied as to the punitive damage claims.
 CONCLUSION
On the basis of the above discussion, the motions to strike relating to the CUTPA and civil conspiracy claims (##161, 162, 163, 164 and 165) are granted. The motion to strike by the defendant Arthur Drug Stores, Inc. (#167), relating to the punitive damages claim, is denied.
ROBERT F. McWEENY, J.